**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roosevelt HENDERSON and Willie Lee
Henderson, Defendants-Appellants.**

No. 77–5792.

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1979.

Steven J. Messinger, Thomasville, Ga. (Court-Appointed), for Roosevelt Henderson.

Harry J. Altman, II, Thomasville, Ga. (Court-Appointed), for Willie Lee Henderson.

D. L. Rampey, Jr., U. S. Atty., Richard E. Nettum, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, GEE and HILL, Circuit Judges.

GEE, Circuit Judge:

Appellants Willie Lee Henderson and Roosevelt Henderson were jointly indicted on three counts of mail theft, 18 U.S.C. § 1708, three counts of possession of stolen mail, 18 U.S.C. § 1708, three counts of uttering forged United States Treasury checks, 18 U.S.C. § 495, and one count of conspiracy with various other persons to violate the above statutes, 18 U.S.C. § 371.[1]

After a jury trial, Roosevelt Henderson was convicted on all counts; Willie Henderson was acquitted on the three mail theft counts and convicted on the remaining seven counts. Roosevelt Henderson received ten-year sentences on each of the three substantive uttering counts and five-year sentences on each of the remaining seven counts, all sentences to run concurrently. Willie Henderson received ten-year sentences on each of the three substantive uttering counts and five-year sentences on each of the remaining four counts, all sentences to run concurrently.

On appeal, both appellants challenge the trial judge's refusal to grant a continuance. In addition, Roosevelt Henderson challenges the admission of certain fingerprint evidence, and Willie Henderson challenges the trial judge's refusal to give a lesser-included-offense instruction and the sufficiency of the evidence.

The evidence adduced at trial established that James Mack, an alleged co-conspirator, stole two checks from the mail in appellants' presence. One check was a United States Treasury check payable to Mary Schler, and the other was a commercial check payable to H&M Enterprises. Mack gave the two checks to Roosevelt Henderson. That same day three unidentified individuals in a white Oldsmobile registered to Roosevelt Henderson unsuccessfully attempted to cash the Schler check. A few days later Roosevelt Henderson and Elizabeth Morris, another alleged co-conspirator, cashed the Schler check at Leesburg State Bank; Roosevelt kept the proceeds. Roosevelt Henderson returned the commercial check to Mack, along with identification cards. Mack and Morris cashed the check at Leesburg State Bank; Mack and Roosevelt Henderson shared in the proceeds.

Several days later appellants picked up Morris and drove to a Leesburg bank, where Morris unsuccessfully attempted to cash another stolen Treasury check, this one payable to Herbert and Peggy Benford.

---

1. The indictment also alleged that the appellants aided and abetted each other and various other persons in violation of five of the substantive counts, 18 U.S.C. § 2.

The next day appellants and Morris drove to Pavo in response to a call from Hazel Brinson, another alleged co-conspirator and the mother of Willie Henderson's children. Brinson asked Willie Henderson for child support money, and he responded, "You know I don't have no money until Friday." Upon request by Morris, he then asked Brinson if she knew of a nearby bank that would cash a check without identification. She directed them to a bank in Pavo. Appellants and Morris then drove to Pavo State Bank, where Morris cashed the Benford check, using identification cards provided by Roosevelt Henderson. Willie Henderson then returned to give Hazel Brinson $25 for child support.

### Continuance

 Counsel for appellants were appointed on November 10, 1977, and the trial was set for November 21, 1977. Counsel filed a joint motion for continuance, claiming inadequate preparation time. Appellants challenge the trial judge's denial of that motion. A motion for continuance is addressed to the sound discretion of the trial judge, and his ruling will be disturbed on appeal only upon a showing of abuse of discretion. *United States v. Uptain*, 531 F.2d 1281, 1285 (5th Cir. 1976). In reviewing a trial judge's ruling on a motion for continuance, we generally consider only the reasons presented to the trial judge. *Uptain, supra.* Appellants contended below that the preparation time was inadequate considering the length of the indictment, the complexity of the charge, the travel time involved in conferring with clients and interviewing witnesses,[2] and the necessity of properly evaluating discovery materials.

On appeal, counsel for Roosevelt Henderson urges two additional factors, the disproportionate amount of time that the government spent in preparation (five months) and counsel's inexperience in federal court. Despite the lengthy indictment, the case was not particularly complex. The travel time to any place involved was no longer than two hours by automobile. Although counsel for Roosevelt Henderson was appearing for the first time in federal court, he admitted lengthy prior experience as a prosecutor. The discovery materials provided by the government were not especially difficult to analyze. The most significant factor in our decision, however, is lack of prejudice. Neither in briefs nor at oral argument were counsel able to identify any specific prejudice resulting from the continuance denial. Considering all the factors set forth, we cannot conclude, even as a matter of hindsight, that the trial judge abused his discretion in denying appellants' motions for a continuance.[3]

### Fingerprint Evidence

 Appellant Roosevelt Henderson challenges the admission of evidence establishing that his fingerprint was found on the Schler check. First, appellant argues that the evidence was erroneously admitted because the government did not offer any evidence indicating that his fingerprint was not affixed to the Schler check at a time unrelated to guilt or innocence.[4] Appellant relies on *Borum v. United States*, 127 U.S. App.D.C. 48, 380 F.2d 595 (1967), a case in which the court reversed a conviction based

---

2. Appellants were incarcerated 65 miles from counsels' offices, and the banks were located 15 and 80 miles from counsels' offices.

3. Appellants rely on *United States v. Millican*, 414 F.2d 811 (5th Cir. 1969), one of the rare cases in which this court has remanded for a new trial on the basis of inadequate preparation time. Although the facts of that case are similar to these facts in many respects, the differences are crucial. In *Millican*, counsel had only 48 hours' preparation time, during which he was unable to locate a potential alibi witness.

4. This argument is bolstered by appellant's testimony that he handled a stack of checks presented to him by a government agent during the investigation, giving rise to the inference that his fingerprint could have become affixed to the check after the commission of the crime. But there was contradictory testimony by a government agent establishing that the checks presented to appellant were photocopies rather than originals.

solely upon fingerprint evidence, noting that the government failed to produce either direct or circumstantial evidence that the fingerprints were affixed during the commission of the crime. *Borum* is easily distinguished on two bases. First, in this case there is ample direct testimony by co-conspirator James Mack that appellant Roosevelt Henderson handled the check during the commission of the crime. Second, and more important, the *Borum* court did not hold that the fingerprint evidence was inadmissible but only that the fingerprint evidence standing alone was insufficient to support the conviction. Appellant Roosevelt Henderson also argues that the fingerprint evidence is inadmissible because the government failed to prove a "chain of custody" for the Schler check from the time it was cashed until the time it was received by government agents. It is well settled that whether the government has proved an adequate chain of custody goes to the weight rather than the admissibility of the evidence. *United States v. White*, 569 F.2d 263, 266 (5th Cir. 1978). Since neither of the objections urged are proper grounds for the exclusion of the fingerprint evidence, we hold that the evidence was properly admitted.

### Lesser Included Offense

Appellant Willie Henderson argues that the trial court erred in refusing to give his requested instruction that the misdemeanor offense of obstruction of the mails under 18 U.S.C. § 1701 is a lesser included offense as to every count charged. Obstruction of the mails is defined as follows:

> Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined not more than $100 or imprisoned not more than six months, or both.

Appellant's argument is totally without merit regarding the uttering counts, and appellant was acquitted of the three substantive counts of mail theft. Only four counts remain: one count charging conspiracy to steal mail and three substantive counts of possession of stolen mail. Even assuming, for the sake of argument, that conspiracy to obstruct the mails is a lesser included offense of conspiracy to steal mail, and obstruction of the mails is a lesser included offense of possession of stolen mails, the evidence in this case does not justify a lesser-included offense instruction. The Supreme Court has held that a lesser-included offense instruction is not necessary when, on the facts of a particular case, the two statutes cover exactly the same ground:

> But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper when the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.

*Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) (citations omitted). In this case, there is no disputed factual element distinguishing the two offenses. The only disputed factual element regarding Willie Henderson is whether he knowingly participated in the criminal activity, an element essential to both offenses. If he was a knowing participant, then he violated both statutes: if he was not, then he violated neither. Under such circumstances, a lesser-included offense instruction is not appropriate. *Sansone v. United States*, 380 U.S. at 352, 85 S.Ct. 1004. Therefore, the judge was correct in denying appellant's requested instruction.

### Sufficiency of the Evidence

Appellant Willie Henderson also challenges the sufficiency of the evidence to support his convictions. When reviewing the sufficiency of the evidence supporting a jury verdict, we must construe the evidence

in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and make all reasonable inferences and credibility choices that would support the verdict. *United States v. Black*, 497 F.2d 1039, 1041 (5th Cir. 1974). We can affirm the convictions only if reasonable minds could conclude that the evidence is inconsistent with every reasonable hypothesis of innocence. *United States v. Ragano*, 520 F.2d 1191, 1203 n. 16 (5th Cir. 1975), *cert. denied*, 427 U.S. 905, 96 S.Ct. 3192, 49 L.Ed.2d 1199 (1976). Because the evidence relating to the conspiracy count and the uttering of the Benford check count is inextricably interwoven, we will first consider the sufficiency of the evidence related to those two counts. The evidence adduced at trial established that: (1) Willie Henderson was present when Mack stole two checks from a private mailbox and handed them to Roosevelt Henderson; (2) upon request by Morris, Willie Henderson asked Brinson where a check could be cashed without identification; (3) Willie Henderson was present when Morris cashed the Benford check; (4) Willie Henderson gave Brinson $25 immediately after the check was cashed, although he had previously refused to give her any money, saying that she knew he would not have any money until Friday. Appellant concedes that the government established the existence of a conspiracy among Roosevelt Henderson, Mack and Morris. Willie Henderson clearly furthered that conspiracy by inquiring about the location of a bank that would cash a check without identification. Furthermore, the circumstantial evidence gives rise to a reasonable inference that he shared in the proceeds of the Benford check.

> Once it has been established that a conspiracy exists and that a particular defendant was clearly connected to the conspiring group or acted in a manner which unmistakably forwarded the conspiracy, then only slight additional evidence suffices to permit an appellate court to find that the jury could reasonably infer that one shown beyond a reasonable doubt to be a participant was in fact a *knowing* participant.

*United States v. Becker*, 569 F.2d 951, 961 (5th Cir.), *cert. denied*, —— U.S. ——, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978) (original emphasis).

Since the government established the existence of a conspiracy and Willie Henderson's connection to it by sharing in the proceeds and furtherance of it by locating a bank that would cash a check without identification, only slight evidence is needed to establish that Willie Henderson's connection and participation were knowing. Even if this were not so, there is more than slight evidence in this case. His presence during the mail theft and during the uttering of the stolen Benford check certainly gives rise to a reasonable, if not an unavoidable, inference of knowledge. While it is true that "mere presence at the scene of the crime" and "mere association with other persons involved in a criminal enterprise" are insufficient to support a conviction, *United States v. Barrera*, 547 F.2d 1250 (5th Cir. 1977), Willie Henderson's presence and association under the circumstances of this case are certainly sufficient to give rise to a reasonable inference of knowledge of criminal activity. Under the same analysis, the evidence is sufficient to support Willie Henderson's conviction for uttering the Benford check. The indictment charged that Willie Henderson aided and abetted Morris and Roosevelt Henderson in the uttering of the Benford check, and the jury was properly instructed that anyone who aids and abets the commission of a crime is punishable as a principal. The same evidence that established Willie Henderson's connection to the conspiracy, his furtherance of the conspiracy, and his knowledge is sufficient to establish that he aided and abetted Morris and Roosevelt Henderson in uttering the Benford check. Since all the sentences run concurrently, we decline to consider the sufficiency of the evidence as to the remaining counts. *United States v. Binetti*, 547 F.2d 265, *rev'd on other grounds*, 552 F.2d 1141 (5th Cir. 1977).

Accordingly, the convictions are AFFIRMED.