UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-40695
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL WAYNE HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____
(May 31, 1995)

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Wendell Wayne Harrison challenges his convictions for possession with intent to distribute cocaine base and using or carrying a firearm during the commission of a drug-trafficking offense, contending that the evidence is insufficient and that a lesser-included offense instruction should have been given on the drug charge. We **AFFIRM**.

I.

Harrison was indicted in January 1994 for possession with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and for using or carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). A jury found him guilty on both counts; and he was sentenced, *inter alia*, to 135 months

imprisonment on the drug offense, with a 60-month consecutive term on the firearm count.

                                II.

As noted, two issues are before us: whether the evidence is insufficient; and whether an instruction on the lesser-included offense of simple possession of a controlled substance should have been given. Harrison did not present evidence at trial.

                                A.

To establish a violation of 21 U.S.C. § 841(a)(1), the Government must prove, beyond a reasonable doubt, that the defendant "knowingly possessed contraband with the intent to distribute it". *E.g.*, **United States v. Inocencio**, 40 F.3d 716, 724 (5th Cir. 1994). Harrison does not contest the knowing possession element; he asserts only that the evidence is insufficient to prove that he intended to distribute the cocaine seized at his residence.[1] Our standard for reviewing challenges to the sufficiency of the evidence is well-established:

> In reviewing an appeal based on insufficient evidence, the standard is whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt. The jury retains sole responsibility for determining the weight and credibility of the evidence. *As such, we must construe all reasonable inferences from the evidence in favor of the verdict*. A review concentrates on whether the trier of fact made a rational decision to convict or acquit, not whether the fact finder correctly determined the defendant's guilt or innocence. Further, the

---

[1] As noted, Harrison did not present any evidence. When the Government rested, he moved for judgment of acquittal, Fed. R. Crim. P. 29(a), thereby preserving this issue.

> evidence need not exclude every reasonable hypothesis of innocence.

*United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995) (emphasis added). For example, "[i]ntent to distribute may be inferred from the value and quantity of the substance possessed." *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 240, 255, 361 (1994). However, "proof of intent to distribute does not require the presence of a certain minimum quantity of controlled substance". *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir.), *cert. denied*, ___ U.S. ___, 113 S. Ct. 332 (1992). Such intent "may be inferred from the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance". *Id*.

The Government introduced evidence that, in July 1993, during the execution of a search warrant (obtained with the assistance of a confidential informant) at Harrison's residence, officers found cocaine and marijuana residue, a canister containing marijuana residue, and "dime" bags of marijuana, on the top of the dresser in Harrison's bedroom.[2] In the top drawer of the dresser, officers found crack cocaine "cookies", one of which had been cut into $50 "slabs" and $20 "rocks", and $170 in currency.[3] A forensic analyst testified that the cocaine base seized from Harrison's residence was 81% pure and weighed 49.32 grams. A loaded .22 caliber pistol

---

[2]    A narcotics officer testified that the "dime" bags were small bags, containing five grams or less of marijuana.

[3]    There was testimony that a one-ounce crack cocaine cookie sells for about $750.

and ammunition were found in the same drawer, next to the cocaine. Harrison's driver's license was found on the nightstand in the same room. Arrested near his residence, Harrison was carrying a .22 caliber revolver and approximately $155 in cash.

Pearl Gilbert, Harrison's former mother-in-law, testified that Harrison lived with his uncle, who was ill; that she worked at Harrison's residence about three and one-half hours a day, five days a week, taking care of the uncle; that she was there when the warrant was executed; that, when Harrison picked her up each morning to take her to work, he usually was wearing his robe, and would go back to bed when they arrived at his residence; and that he worked as a hairdresser three days a week, and sometimes less.[4] She testified further that Harrison had "sort of a sure thing, cocky-like attitude" about the case against him, and had told her that the Government did not have a case because he should have been arrested in his residence.

One of the narcotics officers who executed the search warrant testified that the residue on top of the dresser indicated that narcotics were being made ready for sale; that it was not unusual to find a weapon with contraband when investigating drug dealers, because they like to keep weapons around them to protect their business; and that it was not unusual to find large amounts of cash around drug dealers. On cross-examination, the officer testified

---

[4]    The government attempted to introduce evidence that Harrison did not pay child support, in an attempt to show that the money found on him and in his residence was proceeds from drug-trafficking, but the district court refused to allow it.

that it would not be impossible for an individual to use two to three grams of crack cocaine a day, and that, if so, the 49 grams seized from Harrison's residence *could* have been used in approximately two weeks. The officer also testified on cross that the marijuana *could* have been intended for personal use. On redirect, however, the officer testified that, based on his experience and training, he had no doubt that Harrison was a dealer, and that the crack cocaine in his possession was intended for distribution.

The Government called a DEA agent as an expert witness on drug-trafficking and firearm usage. He testified that, based on the amount of crack cocaine seized and the way it was packaged and cut, Harrison intended to distribute it; and that it would not be unusual for a drug dealer to possess a .22 caliber firearm, such as the one found in the drawer with the cocaine, to protect and facilitate drug-trafficking activities. On cross-examination, the agent testified that, if an individual used a gram of crack cocaine three times a day, the individual *could* use the amount seized from Harrison in a couple of weeks. On redirect, however, he testified that the street value of the cocaine seized from Harrison was $2,800, and that, because it consisted of a $750 cookie and another cookie cut into $50 slabs, he believed that the cocaine was intended for distribution, rather than personal use.

Considering this evidence in the light most favorable to the Government, including the reasonable (and obvious) inferences that could be drawn from it, we conclude that a rational juror could

have found beyond a reasonable doubt that Harrison possessed the crack cocaine with the intent to distribute it, and that the .22 caliber pistol found in the drawer next to the cocaine was used to facilitate his drug-trafficking activities.

## B.

Rule 31 of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged". Fed. R. Crim. P. 31(c). "The purpose of this protection is to prevent juries from improperly resolving their doubts in favor of conviction when one or more of the elements of the charged offense remain unproven, but the defendant seems plainly guilty of *some* offense." *United States v. Browner*, 889 F.2d 549, 551 (5th Cir. 1989) (*Browner I*) (emphasis in original). Harrison contends that the district court erred by overruling his objection to the jury charge; he maintained that it should include an instruction which would have allowed the jury to find him guilty of the lesser-included offense of simple possession of a controlled substance.

The Supreme Court has stated that a defendant is entitled to a lesser-included offense instruction when some of the elements of the crime charged constitute a lesser crime, there is an evidentiary basis for a finding of guilt on the lesser offense, and "the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense". *Sansone v. United States*, 380 U.S. 343, 350 (1965). "[T]wo independent prerequisites" must be met before a

- 6 -

defendant is entitled to an instruction on a lesser-included offense:  "(1) the elements of the lesser offense must be a subset of the elements of the charged offense; and (2) the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater".  *Browner I*, 889 F.2d at 550-51; *United States v. Deisch*, 20 F.3d 139, 142 (5th Cir. 1994).

Our cases have not stated explicitly the standard of review for a challenge to the refusal of a lesser-included offense instruction.  *See, e.g.*, *United States v. Garcia*, 27 F.3d 1009, 1014-15 (5th Cir.) (standard of review unstated), *cert. denied*, ___ U.S. ___, 115 S. Ct. 531 (1994); *Deisch*, 20 F.3d at 142-53 (same); *United States v. Doyle*, 956 F.2d 73, 74-76 (5th Cir. 1992) (same); *United States v. Browner*, 937 F.2d 165, 167-72 (5th Cir. 1991) (*Browner II*) (same); *Browner I*, 889 F.2d at 550-55 (same); *United States v. Chase*, 838 F.2d 743, 746-47 (5th Cir.) (same), *cert. denied*, 486 U.S. 1035 (1988).[5]  For the two-part test, quoted

---

[5]     *See also United States v. Buchner*, 7 F.3d 1149, 1152-54 (5th Cir. 1993), *cert. denied*, ___ U.S. ___, 114 S. Ct. 1331 (1994); *United States v. Howard*, 991 F.2d 195, 198 (5th Cir.), *cert. denied*, ___ U.S. ___, 114 S. Ct. 395 (1993); *United States v. Greenwood*, 974 F.2d 1449, 1459 (5th Cir. 1992), *cert. denied*, ___ U.S. ___, 113 S. Ct. 2354 (1993); *United States v. Moore*, 958 F.2d 646, 649-50 (5th Cir. 1992); *United States v. Valencia*, 957 F.2d 1189, 1196-98 (5th Cir.), *cert. denied*, ___ U.S. ___, 113 S. Ct. 254 (1992); *United States v. Kim*, 884 F.2d 189, 194 (5th Cir. 1989); *United States v. Williams*, 775 F.2d 1295, 1301-02 (5th Cir. 1985), *cert. denied*, 475 U.S. 1089 (1986); *United States v. Collins*, 690 F.2d 431, 437-38 (5th Cir. 1982), *cert. denied*, 460 U.S. 1046 (1983); *United States v. Bey*, 667 F.2d 7, 11 (5th Cir. 1982); *United States v. Henderson*, 588 F.2d 157, 160 (5th Cir.), *cert. denied*, 440 U.S. 975 (1979); *United States v. Flint*, 534 F.2d 58, 60 (5th Cir.), *cert. denied*, 429 U.S. 924 (1976); *United States v. Rogers*, 504 F.2d 1079, 1084 (5th Cir. 1974), *cert. denied*, 422

*supra*, for when a lesser-included offense instruction should be given, our court appears to have applied *de novo* review for the first prong (whether elements of lesser are subset of greater), and an abuse of discretion standard for the second (whether jury could rationally find lesser and acquit on greater).  *See* **Deisch**, 20 F.3d at 142-53; **United States v. White**, 972 F.2d 590, 596 (5th Cir. 1992) (parties agreed that elements of lesser-included offense were subset of elements of charged offense; abuse of discretion standard of review expressly applied in determining whether rational jury could have found that defendants possessed drugs but had no intent to distribute them), *cert. denied*, ___ U.S. ___, 113 S. Ct. 1651 (1993); **Browner I**, 889 F.2d at 550-51.  *See also* **United States v. Vaandering**, 50 F.3d 696, 703 (9th Cir. 1995) (clarifying apparent inconsistency in case law to hold that first prong of inquiry is reviewed *de novo* and second for abuse of discretion).

Whether, pursuant to *de novo* review, the elements of the lesser offense are a subset of the elements of the charged offense is not in dispute.  The Government agrees correctly that the first prong of the test is satisfied.

The second part of our inquiry requires determining whether the district court abused its discretion in concluding that, based on the evidence, a jury could not rationally find Harrison guilty of simple possession, yet acquit him of possession with the intent

---

U.S. 1042 (1975); **United States v. Methvin**, 441 F.2d 584, 585-86 (5th Cir.), *cert. denied*, 404 U.S. 839 (1971); **Escobar v. United States**, 388 F.2d 661, 665-66 (5th Cir. 1967), *cert. denied*, 390 U.S. 1024 (1968).

to distribute.[6]   To show error, Harrison relies on the cross-examination of the narcotics officer and DEA agent; both testified that approximately 49 grams of crack cocaine, the amount seized from Harrison's residence, *could* be used by a single individual in approximately two weeks, and that the marijuana found in Harrison's bedroom *could* have been intended for personal use rather than for distribution.

This testimony, when considered in isolation, arguably might support a lesser-included offense instruction for simple possession; but, when considered in the context of the other evidence, it does not.  The testimony was on cross-examination; the questions dealt with a hypothetical user, who used one gram of crack three times a day.  There was no evidence that Harrison used crack cocaine, or that he used three grams a day, and the hypothetical questions did not ask the Government witnesses to assume that Harrison had such a habit.  Moreover, the hypothetical

---

[6]     The primary thrust of Harrison's defense at trial was that he did not possess the cocaine.  As noted, Harrison did not testify or otherwise present any evidence, and defense counsel did not argue to the jury that Harrison possessed the cocaine for his personal use rather than for distribution.  In his opening statement, defense counsel stated that he intended to show that the cocaine was placed in Harrison's room by the confidential informant; likewise, in his closing argument, counsel stated that the informant placed the cocaine in Harrison's home.  Nevertheless, "it is well established that a criminal defendant may raise inconsistent defenses, and is entitled to an instruction on any defense or lesser-included offense whenever there is evidence sufficient for a reasonable jury to find in [his] favor, even when the defense and lesser-included offense are inconsistent with each other".  **Browner I**, 889 F.2d at 555.  However, in **Browner I**, *unlike* the present case, denial of the element present in the greater but not in the lesser offense (there, the intent to inflict bodily injury) "was the primary thrust of her [the defendant's] defense and of her testimony." **Id.**

questions did not encompass the facts and circumstances surrounding Harrison's possession of the crack cocaine, such as his possession of a whole $750 cookie and $50 slabs with a street value of nearly $3,000, and the presence of the loaded weapon and cash in the same drawer as the crack.

Considering those facts and circumstances, as well as the same witnesses' unrebutted testimony that such facts and circumstances were consistent with an intent to distribute and not with possession for personal use, no rational juror could conclude that Harrison possessed the crack for his personal use, with no intent to distribute it. Again, "[w]hile a defendant's request for a lesser-included offense charge should be freely granted, there must be a rational basis for the lesser charge and it cannot serve merely as a device for defendant to invoke the mercy-dispensing prerogative of the jury." **United States v. Collins**, 690 F.2d 431, 438 (5th Cir. 1982), *cert. denied*, 460 U.S. 1046 (1983) (internal quotation marks and citation omitted). Because a rational basis for the lesser-included offense instruction was lacking, the district court did not abuse its discretion in refusing it.

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**