# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 95-20979

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS BALVINO MALDONADO,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-95-0040-1)

---

February 7, 1997

Before POLITZ, Chief Judge, WIENER, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Federal agents arrested Santos Balvino Maldonado ("Maldonado") when they entered his home under an arrest warrant for an unrelated matter and discovered, pursuant to a consensual search, 4.2 grams of cocaine base (crack cocaine) and $5,339. The agents also found, among other things, baking soda, a razor blade, a glass beaker and salt—items known to be associated with the manufacturing of crack cocaine. Maldonado appeals his jury conviction of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) on the ground that the

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

evidence is insufficient to support his conviction. Specifically, Maldonado asserts that the evidence presented at trial was insufficient to prove, beyond a reasonable doubt, that he "intended to distribute" crack cocaine. Maldonado further asserts that the evidence merely proved that he was a user of crack cocaine. We agree. For the following reasons, we reverse Maldonado's conviction, vacate his sentence and remand to the district court with instructions to enter a judgment of guilty of simple possession under 21 U.S.C. 844(a) and for resentencing for that offense.

## BACKGROUND

On May 25, 1994, Santos Balvino Maldonado, a native of El Salvador, was arrested at his apartment and charged with conspiracy to cause the escape of a federal prisoner. During his arrest, Maldonado, who was alone in his apartment, consented to a search of his apartment. During the consensual search, federal authorities found the following items in the kitchen of Maldonado's apartment: a plate containing over twenty-five (25) pieces of crack cocaine weighing 4.2 grams, a razor blade, a Pyrex glass beaker, an empty film canister, a pair of gloves, baking soda and salt. Also "discovered" in the kitchen of Maldonado's apartment were a microwave oven and stove. In a credenza located in the bedroom of Maldonado's apartment, federal authorities discovered $5,339 in the following denominations: $275 cashier's check, three $100 dollar bills, two $50 dollar bills and numerous $20, $10, $5 and $1 bills wrapped with rubber bands.

Prior to the search of Maldonado's apartment, there was no evidence that Maldonado was involved in the sale of cocaine. In fact, Maldonado was being investigated solely in relation to the charge of conspiracy to cause the escape of a federal prisoner. At trial, United States Marshal Rey

2

Cestero testified that Maldonado had allegedly been recruited to assist in the escape of Jairo Patino and Virgilio Reyes from the Montgomery County Jail. Patino, unaware that Cestero was working undercover, telephoned Cestero and informed him that the escape vehicle, a van, would be delivered on May 24, 1994. According to Cestero's testimony, $5,000 in cash was to be provided to an unnamed "Salvadorian" who was assisting in the planned escape. Cestero testified that the money was to be delivered in Philadelphia and would mainly consist of $50 or $100 bills. Cestero did not know, however, if the money was ever paid.

After Patino and Reyes pleaded guilty to the conspiracy charge, the government dismissed that charge against Maldonado and subsequently charged Maldonado with possession with the intent to distribute cocaine. After two unsuccessful motions for judgment of acquittal, Maldonado was convicted by jury and sentenced to seventy-one (71) months imprisonment followed by three (3) years supervised release. Maldonado appeals his conviction on the sole ground that the evidence is insufficient to support his conviction. We reverse.

## DISCUSSION

### Standard of Review

We review a challenge to the sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We affirm if a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Id.* "If a reasonable jury would doubt whether the evidence proves an essential element, [this court] must reverse." *U.S. v. Onick*, 889 F.2d 1425, 1428 (5th Cir. 1989). All credibility determinations and

3

reasonable inferences are to be resolved in favor of the jury's verdict. *U.S. v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994). Thus, the court should not concern itself with the correctness of the jury verdict; rather, the decision for the court is whether the finding of guilt is reasonable under all the circumstances. *Jackson*, 443 U.S. at 318-319.

**A. Intent to Distribute.**

In this appeal we must resolve one question: whether the evidence adduced was sufficient to prove, beyond a reasonable doubt, Maldonado's intent to distribute cocaine base (crack cocaine). To establish a violation of 21 U.S.C. § 841(a)(1), "the government must prove knowing possession of the contraband with intent to distribute." *U.S. v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996)(citing to *United States v. Cardenas*, 9 F.3d 1139, 1158 (5th Cir. 1993), *cert. denied*, __ U.S. __, 114 S.Ct. 2150, 128 L.Ed.2d 876 (1994)). Proof of "intent to distribute" does not require the presence of a certain minimum quantity of controlled substance. *U.S. v. Harrison*, 55 F.3d 163, 165 (5th Cir.), *cert. denied*, 116 S. Ct. 324 (1995). Possession of a quantity of drugs consistent with personal use, however, does not by itself raise an inference of intent to distribute such drugs. *Skipper*, 74 F.3d at 611. Thus, in the absence of additional evidence such as distribution paraphernalia, large quantities of cash or the value and quality of the substance, mere possession of an amount consistent with personal use does not support a finding of intent to distribute. *Id*.

Here, Maldonado argues that the evidence seized from the kitchen and bedroom of his apartment is insufficient to establish the "intent to distribute" element of the crime charged, for the following reasons: (1) the quantity of crack cocaine seized is consistent with personal use; (2) the

$5,339 in seized cash is not "unexplained" but is related to another crime; (3) the lack of evidence of prior drug sales by Maldonado and (4) the lack of drug paraphernalia commonly associated with street distribution.

The government concedes that the quantity of crack cocaine seized is consistent with personal use but argues that it presented other evidence of intent to distribute. Namely, the government argues that Maldonado's intent to distribute crack cocaine is evidenced by: (1) the form of the crack cocaine—cut into twenty-five rocks—is consistent with street distribution; (2) testimony that the amount of crack was greater than what a typical user would have at a given time; (3) that Maldonado's kitchen was a crude laboratory for making crack cocaine; (4) the absence of smoking paraphernalia and (5) the presence of a large amount of cash in denominations consistent with street distribution. We find the government's argument unpersuasive.

In *Skipper*, we rejected the government's argument that the presence of a straight-edged razor and the absence of smoking paraphernalia suggested the defendant intended to distribute crack cocaine. *Skipper*, 74 F.3d at 611. Paraphernalia that could be consistent with personal use does not provide a sound basis for inferring intent to distribute. *Id*. Thus, despite testimony that 2.89 grams of crack cocaine suggested street distribution, we held, as a matter of law, that such amount alone was insufficient to prove intent to distribute.[1] *Id*.

---

[1]*See also, U.S. v. Stephens*, 23 F.3d 553,555 (D.C. Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 522, 130 L.Ed.2d 427 (1994)(holding possession of *5.9* grams of crack cocaine could not support an inference of intent even when combined with testimony that such amount is more than what an addict would buy for his personal use).

5

The evidence in this case is that Maldonado possessed a razor blade and no smoking paraphernalia was found by the agents in his apartment. This evidence, along with the 4.2 grams of crack cocaine, is not inconsistent with personal use and thus cannot support a finding of intent to distribute. Furthermore, Drug Enforcement Administration agent Charles S. Davis acknowledged at trial that a crack user can either buy crack cocaine or buy powdered cocaine and convert it into crack. Thus, the fact that Maldonado's kitchen was allegedly used as a "crude laboratory" to make cocaine is not inconsistent with personal use. We also disagree with the government's argument that the form and quantity of the crack cocaine—4.2 grams cut into 25 rocks—indicates street distribution. Although agent Davis opined that the amount of *rocks* seized was more than what a typical user would have at any given time, he essentially acknowledged that this *rock* form is consistent with the form a typical smoker uses. Finally, there was no testimony as to how many rocks a user can smoke in a given day. Standing alone, this evidence is not inconsistent with personal use.

We now address the large amount of cash seized and the lack of any evidence linking Maldonado to prior drug sales. Possession of drugs coupled with additional evidence such as large quantities of cash may support an inference of intent to distribute. *Skipper*, 74 F.3d at 611. "A defendant's possession of a large sum of *unexplained* cash supports an inference of intent to distribute, [however], only insofar as it suggests that the defendant is toting the profits from prior narcotics sales." *U.S. v. Stephens*, 23 F.3d 553, 555 (D.C. Cir.), *cert. denied*, ___ U.S. ___, 115 S.Ct. 522, 130 L. Ed.2d 427 (1994)(emphasis added). In *Stephens*, a case relied on by Maldonado, the D.C. Circuit Court of Appeals rejected the government's contention that $511 in cash found on

6

the defendant's person at the time of the arrest established the defendant's intent to distribute. *Id*. at 556. The *Stephens* court, finding that the cash was not "unexplained," noted government testimony acknowledged that the amount of cash seized could have been expected to pay for the drugs and that the defendant was seen offering such money to a dealer. *Id*. The government also offered no evidence of actual prior or contemporaneous drug sales by the defendant without which, the court held, "would be mere speculation for a jury to infer that the [money] recovered . . . were proceeds from prior drug [sales] indicative of his future intent to distribute." *Id*.

In this case, the government offered no evidence of prior drug sales by Maldonado. Moreover, there was plausible evidence explaining the $5,339 in cash seized in Maldonado's apartment. U.S. Marshal Cestero testified that Maldonado, a Salvadorian, was allegedly recruited to assist in the escape of two federal prisoners—Jairo Patino and Virgilio Reyes—and that an unnamed "Salvadorian" was to receive $5,000 for assisting in the escape. Cestero also testified that the money would consist mainly of $50 and $100 dollar bills. This evidence negates the government's argument that the cash found in Maldonado's apartment is evidence of intent to distribute. We hold, therefore, that the cash is insufficient additional evidence to support Maldonado's conviction of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c).

**B. Lesser Included Offense: Simple Possession 21 U.S.C. 844(a).**

Our next task is to determine whether the evidence supports a conviction for a lesser included offense. Simple possession in violation of 21 U.S.C. § 844(a) is a lesser included offense 21 U.S.C. § 841(a)(1), possession with intent to distribute. *U.S. v. Steen*, 55 F.3d 1022, 1031 (5th Cir.), *cert.*

*denied*, ___ U.S. ___, 116 S. Ct. 577, 133 L.Ed.2d 500 (1995). Possession may be either actual or constructive. *Skipper*, 74 F.3d at 611. Constructive possession is defined as ownership, dominion or control over the contraband or vehicle or dwelling in which the contraband was concealed. *See id.*

In addition to Maldonado's concession, there is ample evidence that he is guilty of simple possession in violation of 21 U.S.C. 844(a). The evidence adduced at trial showed that the contraband was discovered and seized in Maldonado's apartment in which he was found alone. Thus, "[b]ecause the jury necessarily found all the elements of simple possession in rendering its verdict, [this court] is empowered under 28 U.S.C. § 2106 to reduce [Maldonado's] Section 841 conviction to a Section 844 conviction." *Skipper*, 74 F.3d at 612.

**CONCLUSION**

After reviewing all of the evidence in the light most favorable to the verdict; we find insufficient evidence to support the jury's finding that the government proved all essential elements of the crime charged beyond a reasonable doubt. The evidence adduced was insufficient to support a conviction for possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1). Accordingly, we reverse the conviction, vacate the sentence and remand with instructions to enter a judgment of guilty of simple possession under 21 U.S.C. § 844 (a) and to resentence Maldonado for that offense.

Conviction REVERSED, sentence VACATED and cause REMANDED WITH

INSTRUCTIONS.