**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LEE CURTIS BARGE,
*Defendant-Appellant.*

No. 00-4884

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-97)

Submitted: June 5, 2001

Decided: June 29, 2001

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Acting Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lee Curtis Barge entered guilty pleas to possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C.A. § 841 (West 1999) (Count 1), and using or carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West 2000) (Count 2). The district court sentenced him to a twenty-seven-month prison term on Count 1 and a consecutive sixty-month term on Count 2. Barge appeals the twenty-seven-month sentence imposed on Count 1 on the ground that the district court clearly erred in determining the amount of marijuana attributable to him. We agree and, therefore, vacate the sentence imposed on Count 1 and remand for resentencing. We affirm the judgment in all other respects.

After a sentencing hearing, at which Joseph Igo, Marvin Garrett, and Arbera Ross testified, the district court held Barge accountable for 440 grams of marijuana discovered in his car. The court also found that:

> [Barge] is chargeable with at least 24 pounds of marijuana. On describing these bales, I have heard them variously described from 24 pounds to about 45 or 46 . . ., but I'll say it's at 24 pounds of marijuana.
>
> . . . .
>
> I'm being conservative in my weights here. I heard an awful lot more testified to than what the [c]ourt is attributing to the defendant.

(JA-I at 84, 86). Thus, the court established Barge's base offense level at sixteen, which the court reduced by two levels for acceptance of responsibility. With a total offense level of fourteen and a criminal

history category of III, the applicable guideline range was twenty-one to twenty-seven months. The court sentenced Barge to a twenty-seven-month prison term on Count 1 and a consecutive sixty-month term for Count 2.

On appeal, Barge challenges his twenty-seven-month sentence for the marijuana offense on the ground that the district court clearly erred in holding him accountable for twenty-four pounds of marijuana based primarily upon the size of the bale Ross testified he saw in Barge's car. We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). "If the defendant objects to a quantity recommended in a presentence report, the district court must make an independent resolution of the factual issues raised by the objection." *United States v. Williams*, 152 F.3d 294, 300-01 (4th Cir. 1998). Finally, the government must establish the quantity of drugs attributable to a defendant by a preponderance of the evidence and may do so through the introduction of relevant and reliable evidence. *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994).

Here, the district court estimated the amount of drugs primarily based upon Ross' testimony at the sentencing hearing. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994) ("'[W]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'") (quoting USSG § 2D1.1, comment. (n.12)). The sentencing guidelines do not demand certainty and precision; they demand that a court do the best that it can with the evidence in the record, erring on the side of caution. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996).

We find that, based on the testimony at the sentencing hearing, the district court did not err on the side of caution and over-estimated the amount of marijuana attributable to Barge. Although the Government notes that the amount of marijuana for which the court held Barge accountable was less than half of the fifty-pound bale recommended in the presentence report, at no time during the sentencing hearing did the Government elicit testimony regarding the general sizes and weights of marijuana bales nor did any witness testify that the bale

of marijuana seen in Barge's car weighed twenty-four pounds. Rather, Ross estimated at the sentencing hearing that the weight of the bale—at most—was twelve pounds. And the other marijuana transactions to which Igo, Garrett, and Ross testified do not support by a preponderance of the evidence the base offense level established by the district court.[1]

Erring on the side of caution, *Cook*, 76 F.3d at 604, Igo's testimony reflected transactions totaling 56.7 grams of marijuana (one-half ounce, or 14.175 grams, on four occasions). Assuming that the "dime" amount referred to by Garrett is five grams of marijuana,[2] *see United States v. Harrison*, 55 F.3d 163, 165 n.2 (5th Cir. 1995), fifteen transactions at that amount yields 75.0 grams of marijuana. Garrett also testified that he saw Barge with one ounce (28.35 grams) on four occasions, totaling 113.4 grams of marijuana. Finally, Ross estimated that the bale of marijuana weighed twelve pounds (5443.2 grams). Adding these amounts (56.7, 75.0, 113.4, and 5443.2) to the 440 grams discovered in Barge's car equals 6128.3 grams of marijuana, or 6.128 kilograms. That amount corresponds to a base offense level of fourteen. USSG § 2D1.1. Because the testimony at the sentencing hearing does not support by a preponderance of the evidence the district court's determination of the amount of marijuana attributable to Barge, we find that the district court clearly erred. *Randall*, 171 F.3d at 210 (stating standard of review).

Accordingly, we vacate the twenty-seven-month sentence on Count 1 and remand for resentencing as to the quantity of marijuana attributable to Barge. We affirm the judgment in all other respects. We dispense with oral argument because the facts and legal contentions are

---

[1]Because Ross gave no specifics regarding his other purchases of marijuana from Barge in ounce, half-pound, or pound amounts, we find that it would be difficult to reach a conservative estimate as to these transactions. *Cook*, 76 F.3d at 604; *D'Anjou*, 16 F.3d at 614.

[2]The Government never established on the record how much marijuana usually is in a "dime" bag.

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*