**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-10036
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE R. FLORES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
3:99-CR-189-ALL-H

_____
February 28, 2002

Before JONES, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jose R. Flores, Jr. ("Flores") appeals his conviction for mailing threatening communications with the intent to extort money. For the following reasons, we AFFIRM.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

    Flores was an inmate of a state correctional institution in Texas. In 1998, he began writing threatening letters to state and federal judges and other judicial personnel. The letters contained demands for money or property and threatened acts of violence if the demands were not met. Thereafter, Flores was indicted and convicted of several offenses including mailing threatening communications with the intent to extort money in violation of 18 U.S.C. § 876 and 2. The district court imposed a combined term of imprisonment of 365 months and concurrent three-year terms of

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.  Flores now appeals.

DISCUSSION

I.     Admission of Evidence

We review a district court's decision on the admission of evidence for abuse of discretion. United States v. Phillips, 219 F.3d 404, 409 (5th Cir. 2000).

A.     Letter

At trial, Flores objected to the admission of Government's Exhibit 21 asserting that the evidence was irrelevant.  The exhibit was a letter from an individual named Dominic McConnell ("McConnell") to Judge Maloney, one of the judges who received a threatening letter from Flores. Because the Government stated that it would establish that the letter was relevant, the district court permitted the letter to be entered into evidence.  The document was introduced on redirect of Judge Maloney's secretary, who testified that the return address and handwriting was different than the letters received from Flores.  McConnell later testified that he wrote the letter.  Flores contends that the district court should not have admitted this exhibit into evidence because it involved an extraneous offense of another person, McConnell.  Thus, he maintains that the document was not relevant and was unfairly prejudicial.

Evidence is "relevant" when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Relevant evidence is generally admissible, however, "it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403.  Here, the exhibit was relevant to the question of whether Flores was the source of the letters at issue in the indictment.[1]  Further, because it was clear that McConnell was the source of the exhibit, Flores was not unfairly prejudiced by introduction of the document into evidence. Accordingly, we find that the district court did not abuse its discretion.

---

[1]During opening argument, Flores suggested that McConnell may have been responsible for sending the letters.

B.      Statement Made During Interrogation

Flores also alleges that the district court improperly admitted evidence of statements made by him during an in-custody interview.  Flores asserts that his mental condition prevented him from making a voluntary, knowing, and intelligent decision to waive his rights to counsel and to remain silent.  "The issue of voluntariness . . . is a legal question subject to *de novo* review."  United States v. Restrepo, 994 F.2d 173, 183 (5th Cir. 1993).  A defendant's mental condition alone will not render a confession involuntary in the absence of governmental overreaching, i.e., use of coercion or psychological persuasion.  United States v. Raymer, 876 F.2d 383, 386-87 (5th Cir. 1989).  In the present case, there is no evidence that the Government used coercion or other improper tactics to obtain Flores's statement and he does not assert that such misconduct took place. Thus, he has failed to establish that the district court's admission of the evidence was improper.

II.     Lesser-Included Offense

Flores argues that the jury could have concluded that he did not intend to extort money or some other thing of value from his victims, and thus, the district court erred in failing to  instruct the jury that it could convict him for the lesser-included offense of mailing a "threatening" communication.  A lesser-included offense instruction is appropriate if: "(1) the elements of the offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a jury to rationally find the defendant guilty of the lesser offense yet acquit him of the greater."  United States v. Estrada-Fernandez, 150 F.3d 491, 494 (5th Cir. 1998) (internal quotation marks omitted).  As to the first prong, we review the district court's decision *de novo*.  United States v. Harrison, 55 F.3d 163, 167 (5th Cir. 1995).  However, with regard to the second prong, concerning whether the evidence at trial supports a lesser-included offense instruction, this court reviews t he district court's ruling only for abuse of discretion.  Id.  Because the second prong of the test is at issue, we review the district court's ruling for an abuse of discretion.

Flores avers that there was evidence from which the jury could have determined that his demands were the product of a delusional belief system.  Accordingly, he contends that the jury could

have determined that he did not intend to extort money from the recipients of the letters but had merely intended to threaten them. This contention is without merit. Each of the letters contained explicit extortionate demands and threats. Further, Flores testified repeatedly that he hoped to receive money and intended to keep any money he received. Thus, it was not an abuse of discretion for the district court to determine that a jury could not reasonably have convicted Flores for mailing these threatening communications while also finding that he did not intend to extort money or some other thing of value from the recipients of his communications.

## CONCLUSION

For the reasons stated herein, we AFFIRM Flores's conviction.

AFFIRMED.