IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-31048

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHAD JAMES

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-55-1

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Chad James appeals following his conviction for possession with intent to distribute five grams or more of crack cocaine, possession with intent to distribute a quantity of cocaine hydrochloride, possession of a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm. He challenges the district court's denial of a suppression motion and several trial rulings, as well as the sufficiency of the evidence to support his conviction. Finding no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James was arrested on a parole violation warrant. When police arrived at his apartment to execute the warrant they accompanied him inside so that he could get dressed. He was initially calm and compliant, but upon entering the apartment James suddenly and quickly closed an interior door leading to another room, which police found suspicious. Police also observed a shotgun in plain view leaning against the bedroom wall next to the bed. As the officers tried to handcuff James, he resisted and began a violent altercation that led to two officers and James tumbling down the stairs and out into the street, where James continued the fight. Although no one was present on the street, James began calling for help. The officers did not know whether James was calling for assistance from someone who may have been inside the apartment. After securing James, an officer reentered the apartment to secure the shotgun and to conduct a protective sweep. The officer observed suspected cocaine in plain view in the room to which James had slammed the door. The officer secured the residence and obtained a search warrant. Police then seized crack and powder cocaine, drug distribution paraphernalia, a loaded shotgun, and over $5000 in cash.

James contends that all the evidence except for the shotgun was obtained in an illegal protective sweep of his apartment and that the district court should have granted his suppression motion. We disagree.

Incident to an arrest, a police officer may conduct a visual protective sweep of premises to ensure that no other persons are hiding therein who may pose a threat to the safety of officers or other persons when there are articulable facts and inferences from which a prudent officer could believe the area to be swept harbors another dangerous individual. Buie v. Maryland, 494 U.S. 325, 334, 110 S. Ct. 1093, 1098 (1990); United States v. Mata, 517 F.3d 279, 285–86 (5th Cir. 2008). Contrary to James' assertion in his brief that no one found his sudden closing of the inside door suspicious, Sgt. Kerr testified that this action was

inconsistent with James's demeanor to that point and raised red flags with him. Already on alert from James's sudden slamming of the door, police were then confronted with a firearm in plain view in a felon's apartment and with a violent struggle that resulted in injuries to two officers. As James continued to resist and fight, he called for help from unknown persons even though no one else was in the street. From the officers' perspective, other individuals could have been inside the apartment with the weapon. Police reentered the apartment less than a minute after subduing James. Given the totality of the circumstances and rapidly evolving events, the district court's factual determination that there was sufficient danger to justify a protective sweep was not clearly erroneous. See United States v. Watson, 273 F.3d 599, 603 (5th Cir. 2001).

James next argues that during trial the district court improperly permitted a DEA agent to offer expert testimony about narcotics trafficking that went to James's ultimate state of mind. He contends that the agent offered improper profile evidence. We conclude, however, that the agent's testimony provided the jury with helpful information about the significance of evidence in the case, e.g. that drug distributors usually bundle their money in a certain way and possess certain amounts of drugs, firearms, and other items helpful to drug trafficking. The agent also indicated the street value of the drugs seized. We have held that experienced narcotics agents may provide this type of evidence to assist the jury, United States v. Washington, 44 F.3d 1271, 1283 (5th Cir. 1995), and the district court did not abuse its discretion. See United States v. Speer, 30 F.3d 605, 609–10 (5th Cir. 1994). To the extent that James argues he was denied due process because he lacked an expert to counter the Government's witness, we find no merit to the claim.

James next argues that the evidence was insufficient to show that he had an intent to distribute the drugs seized from his apartment. James was found in possession of 14.7 grams of crack and 79 grams of powder cocaine. These

drugs had a value of approximately $3000. There was evidence in the form of cocaine residue on pots and pans that James had been converting the powder cocaine into crack. James was also in possession of drug distribution paraphernalia, including cutting agents, a scale, and baggies. Furthermore, police seized over $5000 in cash stacked in $1000 bundles, which the testimony showed was consistent with drug trafficking. An intent to distribute may be found from possession of drug distribution paraphernalia, large quantities of cash, or the value and quantity of the drugs seized. United States v. Harrison, 55 F.3d 163, 165 (5th Cir. 1995). A rational jury could conclude from the evidence here that James had the requisite intent.

James also argues that the evidence was insufficient to show that he possessed the shotgun in furtherance of drug trafficking because the Government proved only that a common hunting weapon was present at the scene. A defendant convicted of a drug offense who also engages in hunting or target shooting does not violate 18 U.S.C. § 924(c)(1)(A) if he merely possesses a firearm useful for that purpose that is unloaded or is inaccessible. United States v. Ceballos-Torres, 218 F.3d 409, 415 (5th Cir. 2000). James's shotgun was not mounted for display on a wall, was not unloaded, and was not otherwise locked or inaccessible. In was possessed illegally and was found loaded, in plain view, and easily accessible in James's bedroom. Although the gun was not in the same room as the other contraband, James's apartment contained a significant amount of drugs and drug distribution paraphernalia and a large quantity of cash. The evidence was sufficient for the jury to conclude the weapon was possessed in furtherance of drug trafficking. See id. at 414–15.

Finally, James challenges several evidentiary rulings, contending that the district court erred by admitting the parole violation warrant, the search warrant, and testimony about his fight with the arresting officers. With respect to the parole violation and search warrants, we note that James did not object

to admission of the evidence but only to the evidence being published to the jury. Notwithstanding the Government's view that the objection failed to preserve the issue for review beyond plain error, we are not convinced that the disputed evidence likely influenced the jury's verdict. The evidence was more than sufficient to support James's conviction, and his contention that the jury may have convicted him because of the parole violation or the search warrant is unpersuasive. Any error would be harmless. See United States v. Hawley, 516 F.3d 264, 268 (5th Cir. 2008), pet. for cert. filed (Apr. 29, 2008) (No. 07-10773).

With respect to testimony about James's fight with the officers, the district court denied a motion in limine to exclude this evidence. Because James did not object to the testimony at trial, the issue is subject to plain error review. See C.P. Interests v. Cal. Pools, Inc., 238 F.3d 690, 697 & n.5 (5th Cir. 2001). James argues that the testimony was not relevant to the crimes charged in the indictment and presented unnecessary evidence of violent conduct. We agree with the district court that the events surrounding the struggle led police to the protective sweep and to request a search warrant and helped explain the context for the discovery of the drugs. We also conclude from the record that the evidence was not the kind likely to incite the jury to an irrational decision. Furthermore, the district court properly instructed the jury that James was not on trial for any act not alleged in the indictment. James therefore fails to show sufficient prejudice. See United States v. Yi, 460 F.3d 623, 633 (5th Cir. 2006).

AFFIRMED.