UNITED STATES of America,
Plaintiff–Appellee,

v.

Duane Lamar BYERS, Defendant–
Appellant.

No. 12–40148
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2012.

Jeffery Alan Babcock, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney'S Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee.

Juan P. Reyna, Corpus Christi, TX, for Defendant-Appellant.

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Duane Byers appeals his conviction by a jury of one count of possession of more than fifty kilograms of marihuana with intent to distribute. Because Byers's motion for acquittal preserved the issue, we review the "evidence and the inferences that may be drawn from it in the light most favorable to the verdict" and determine whether "a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Valdez*, 453 F.3d 252, 256 (5th Cir.2006) (internal quotation marks and citation omitted).

The evidence supports the jury's finding that Byers knowingly possessed the marihuana. Ronald Hall testified that Byers agreed to drive with him to Texas to pick up a load of marihuana and transport it in exchange for $10,000. Hall described meetings and exchanges of trucks with a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contact named Freddie and codefendant Lloyd Archibald, as well as conversations about the size of the load and directions to the destination in Missouri, during which Byers was present. Hall also testified that Byers offered him money to take the blame after they were arrested. Archibald's testimony regarding the trip was consistent with Hall's testimony, and Archibald confirmed that he heard Byers offer Hall money to "take the rap."

Although both men pleaded guilty and were offered the possibility of a reduced sentence if they cooperated, "a guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir.1994). There was nothing incredible on its face about Hall's or Archibald's testimony. In addition, their prior convictions do not necessarily make their testimony unbelievable.

In short, the jury chose to believe Hall and Archibald, despite their self-interest and prior convictions, and the jury evidently rejected Byers's explanation to law enforcement that he first learned of the marihuana just before reaching the checkpoint. Such credibility assessments and weighing of evidence were exclusively the jury's role. *See United States v. Seale*, 600 F.3d 473, 496 (5th Cir.2010).

In addition, there was corroborating circumstantial evidence of Byers's guilt. Consistent with Hall's testimony, Border Patrol agents testified that the marihuana limited the gas tank's capacity to just a few gallons. A jury may reasonably infer knowledge of drugs hidden in a gas tank from evidence of greatly reduced fuel capacity. *United States v. Resio–Trejo*, 45 F.3d 907, 913 (5th Cir.1995). Byers's nervous behavior at the checkpoint likewise

may constitute circumstantial evidence of guilty knowledge. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998). Further, the marihuana was valuable, which permits an inference of knowledge. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir.2003). The quantity and value of the marihuana also support a finding that it was intended for distribution. *See United States v. Harrison*, 55 F.3d 163, 165 (5th Cir.1995).

Byers's contention—that the jury's inability to reach a decision on the conspiracy count means it must have found the witnesses's testimony incredible—is without merit. Juries may return inconsistent verdicts, and even "[a] not guilty verdict on one count does not establish any facts favorable to the defense for the purpose of determining the sufficiency of the evidence on the counts of conviction." *United States v. Parks*, 68 F.3d 860, 865 (5th Cir.1995) (internal quotation marks and citation omitted).

The judgment is AFFIRMED.