Revised August 28, 1998

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10661
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAIME ESTRADA-FERNANDEZ; JOSE VALENZUELA-HERNANDEZ,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
August 10, 1998
Before KING and DAVIS, Circuit Judges, and VANCE,[*] District
Judge.

PER CURIAM:

Defendants-appellants Jaime Estrada-Fernandez and Jose

Valenzuela-Hernandez appeal their convictions for assault with a

dangerous weapon pursuant to 18 U.S.C. § 113(a)(3). They contend

that the district court erred in failing to give certain lesser-

included-offense instructions to the jury. For the reasons set

forth below, we affirm the district court's judgment of

conviction and sentence as to Jose Valenzuela-Hernandez, and we

_____

[*] District Judge of the Eastern District of Louisiana,
sitting by designation.

reverse the district court's judgment of conviction and sentence as to Jaime Estrada-Fernandez.

## I.  FACTUAL & PROCEDURAL BACKGROUND

On December 22, 1996, correctional officer Lt. Travis Gilbreath was notified that there was smoke in one of the prison units at the Federal Correctional Institute at Big Spring, Texas. Gilbreath and other officers went to the unit and discovered that some of the fire extinguishers had been discharged, causing a large cloud.  At the bottom of a stairwell within the unit, Gilbreath discovered a pool of blood and parts of broken broom and mop handles.  He then observed a group of twenty to thirty inmates with broken broom and mop handles and pipes chasing another inmate down a nearby stairwell.  The inmate being pursued fell to the ground and the other inmates began beating him with the objects they carried.

Gilbreath began pulling inmates off of the fallen inmate and ordering them to stop the beating.  As Gilbreath pulled the second or third inmate away, that inmate struck him on the arm. Further, as he attempted to gain control of that inmate, another inmate struck him in the back three or four times.  Gilbreath later identified Jaime Estrada-Fernandez (Estrada) as the inmate who struck him on the arm.  James Soles, another correctional officer who was on the scene, later identified Jose Valenzuela-Hernandez (Valenzuela) as the inmate who struck Gilbreath in the

2

back.

Gilbreath testified at trial that Estrada hit him with a broken broom or mop handle that was approximately one and one-half to two inches in diameter. Soles testified that Valenzuela hit Gilbreath on the back with a similar object. As a result of the blows, Gilbreath suffered (1) redness in his upper back; (2) redness, tenderness, and swelling in his lower back; and (3) an abrasion on his right arm. In addition, one of the blows to his back broke a portion of his flashlight carrier and bent his handcuffs.

Estrada and Valenzuela each filed a Notice of Alibi prior to trial in which each asserted that he was not present at the scene of the altercation. At trial, Estrada testified that he was cleaning the telephone area when he noticed a group of people running. In addition, he testified that later some prison guards called him names, threw him to the ground, and handcuffed him. Valenzuela and two other inmates testified that Valenzuela was either in his room or on the balcony of his room during the incident.

At the conclusion of the trial, Estrada requested that the district court instruct the jury on the offenses of (1) assault by striking, beating, or wounding and (2) simple assault, each of which he claimed qualified as a lesser-included offense. The district court denied his request, and he objected to that denial. Valenzuela did not request either of the lesser-

included-offense instructions, and he did not object to the district court's refusal to include them in the jury charge.

Estrada and Valenzuela each appeals the district court's judgment of conviction and sentence, arguing that the district court erred in refusing to include the instructions requested by Estrada.

## II.  DISCUSSION

Valenzuela and Estrada contend that the district court erred in failing to instruct the jury on the offenses of "[a]ssault by striking, beating, or wounding" pursuant to 18 U.S.C. § 113(a)(4) and "[s]imple assault" pursuant to 18 U.S.C. § 113(a)(5).  They argue that each of these offenses constitutes a lesser-included offense of the crime of which they were convicted--"[a]ssault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse."  18 U.S.C. § 113(a)(3).

Federal Rule of Criminal Procedure 31(c) states that a defendant "may be found guilty of an offense necessarily included in the offense charged."  FED. R. CRIM. P. 31(c).  In Schmuck v. United States, 489 U.S. 705 (1989), the Supreme Court explained that courts should apply an "elements" test to determine whether a lesser-included-offense instruction was proper in a given case. Id. at 716; United States v. Browner, 937 F.2d 165, 168, 172 (5th Cir. 1991) (interpreting Schmuck to adopt a "strict statutory elements test").  Under the elements test, "one offense is not

'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense."  26 MOORE'S FEDERAL PRACTICE § 630.32[4] (Daniel R. Coquillette et al eds., 3d ed. 1998) (citing Schmuck, 489 U.S. at 716).  Since the adoption of that test, we have explained that a district court

> may give a lesser-included offense instruction if, but only if, (1) the elements of the offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a jury to rationally find the defendant guilty of the lesser offense and acquit him of the greater.

United States v. Lucien, 61 F.3d 366, 372 (5th Cir. 1995); see also United States v. Harrison, 55 F.3d 163, 166 (5th Cir. 1995). This court applies a two-tiered standard of review when determining whether a district court erred in its application of this test:  "the first prong is reviewed de novo, the second for abuse of discretion."  Lucien, 61 F.3d at 372; see also Harrison, 55 F.3d at 167.

In determining, under the first prong of the test, whether an offense constitutes a lesser-included offense with respect to the charged offense, we compare "the statutory elements of the offenses in question, and not . . . [the] conduct proved at trial."  Schmuck, 489 U.S. at 716-17.  Therefore, regardless of the evidence adduced at trial, "[w]here the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)."  Id. at 716.

5

In order to convict a defendant of assault with a dangerous weapon pursuant to 18 U.S.C. § 113(a)(3), the government must prove that the defendant (1) assaulted the victim[1] (2) with a dangerous weapon (3) with the intent to do bodily harm. 18 U.S.C. § 113(a)(3); see also United States v. Guilbert, 692 F.2d 1340, 1343-44 (11th Cir. 1982). In order to convict a defendant of the crime of assault by striking, beating, or wounding pursuant to 18 U.S.C. § 113(a)(4), the government must prove that the defendant made physical contact with the victim. Guilbert, 692 F.2d at 1344. Because physical contact with the victim is not an element of assault with a dangerous weapon, assault by striking, beating, or wounding does not qualify as a lesser-included offense of that crime. As the Tenth Circuit has explained,

> Under the elements test, the offense of striking beating or wounding is simply not a lesser included

---

[1] Section 113 does not define the term "assault." Courts have therefore used the common-law definitions of both criminal and tortious assault when interpreting the statute. See United States v. Guilbert, 692 F.2d 1340, 1343 (11th Cir. 1982) (noting that both of the traditional common-law definitions of "assault" apply to 18 U.S.C. § 113 because the statute does not define the term); United States v. Bell, 505 F.2d 539, 540 (7th Cir. 1974) ("When a federal criminal statute uses a common law term without defining it, the term is given its common law meaning."); cf. United States v. Stewart, 568 F.2d 501, 504 (6th Cir. 1978) (noting that the term "simple assault" in § 113 is "no doubt intended to embrace the common law meaning of that term"). Therefore, in order to prove the defendant guilty of assault, the government must show (1) that the defendant attempted to commit a battery on the victim or (2) that the defendant put the victim in reasonable apprehension of immediate bodily harm. See Guilbert, 692 F.2d at 1343; Bell, 505 F.2d at 540.

> offense of assault with a dangerous weapon.  Assault by
> striking, beating or wounding under 18 U.S.C.
> § 113(a)(4) . . . requires a physical touching and is
> the equivalent of simple battery.  However, assault
> with a dangerous weapon under 18 U.S.C. § 113(a)(3) . .
> . only requires proof of an assault with a dangerous
> weapon, with the intent to cause bodily harm.  The
> offense does not require proof of any physical contact.
> Consequently, a defendant may commit assault with a
> dangerous weapon without committing assault by
> striking, beating or wounding.

United States v. Duran, 127 F.3d 911, 915 (10th Cir. 1997)

(citations omitted), cert. denied sub nom, 118 S. Ct. 1389, and

cert. denied, 118 S. Ct. 1389 (1998); see also Guilbert, 692 F.2d

at 1345 (noting that § 113(d) is not a lesser-included offense of

§ 113(c) because it "requires some kind of actual physical

contact with the victim [whereas] conviction under subsection (c)

can be based upon an act that merely places the victim in

reasonable apprehension of imminent bodily harm").  Therefore, we

conclude that neither Estrada nor Valenzuela was entitled to a

lesser-included-offense instruction for the crime of assault by

striking, beating, or wounding.

Estrada and Valenzuela also contend that they were entitled

to a lesser-included-offense instruction as to the crime of

simple assault pursuant to 18 U.S.C. § 113(a)(5).  In order to

prove a defendant guilty of simple assault, the government need

only show that the defendant assaulted the victim.  In a prior

case, we have approved of the district court's giving a lesser-

included-offense instruction on the crime of simple assault where

the defendant was charged with assault on a federal officer with

7

a dangerous weapon under a statute similar to the one at issue in this case. See United States v. Bey, 667 F.2d 7, 11 (5th Cir. Unit B 1982). Thus, we conclude that the offense of simple assault under § 113(a)(5) does constitute a lesser-included offense of assault with a dangerous weapon.

We next turn to consideration of the second prong of the test for whether the defendants were entitled to a lesser-included-offense instruction on the offense of simple assault. A lesser-included-offense instruction is proper only when the evidence adduced at trial would permit a rational jury to find the defendant guilty of the lesser offense and to acquit him of the greater. See Lucien, 61 F.3d at 372; Harrison, 55 F.3d at 167.

As it involves a factual inquiry, we generally review the district court's application of this prong of the test for abuse of discretion. See Lucien, 61 F.3d at 372; see also Harrison, 55 F.3d at 167. However, Valenzuela did not request any lesser-included-offense instructions. In addition, he did not object when the district court declined to include the lesser-included-offense instructions requested by Estrada, and, in response to a question by the court regarding any objections he might have to the jury charge, Valenzuela's attorney stated, "Your Honor, I have no objection to the court's charge." Therefore, we review Valenzuela's claim only for plain error. See United States v. Stafford, 983 F.2d 25, 26 (5th Cir. 1993) ("When an omission from

8

a jury charge is raised for the first time on appeal, we review only for plain error."). "'Error in a charge is plain only when, considering the entire charge and evidence presented against the defendant, there is a likelihood of a grave miscarriage of justice.'" Id. (quoting United States v. Sellers, 926 F.2d 410, 417 (5th Cir. 1991)).

Valenzuela contends that he was entitled to a lesser-included-offense instruction on the offense of simple assault because there was a question of fact as to whether the broom or mop handle he used to hit Gilbreath constituted a dangerous weapon. At trial, however, Valenzuela focused exclusively on an alibi defense. He testified that he was in his room at the time of the fight and that he had nothing to do with the incident. In addition, two other inmates, Hector Valenzuela-Rivera and Ruben Rodriquez-Pando, testified that they observed Valenzuela in his room during the incident.[2] Moreover, during his cross-examination of Soles, Valenzuela's attorney attempted to demonstrate that Soles could have mistaken another inmate who was involved in the incident for Valenzuela.

"In deciding whether to request [a lesser-included-offense] instruction, defense counsel must make a strategic choice: giving the instruction may decrease the chance that the jury will

---

[2] The government and defense counsel also stipulated that another inmate, Enrique Rodriquez, would have testified that he observed Valenzuela in his room during the incident.

convict for the greater offense, but it also may decrease the chance of an outright acquittal." United States v. Dingle, 114 F.3d 307, 313 (D.C. Cir.), cert. denied, 118 S. Ct. 324 (1997); see also Stafford, 983 F.2d at 27 ("A criminal defendant is entitled to make a strategic choice to forgo the lesser included offense instruction."); United States v. Lopez Andino, 831 F.2d 1164, 1171 (1st Cir. 1987). In this case, we are persuaded that Valenzuela made just such a choice when he focused exclusively on an alibi defense at trial and neither requested any lesser-included-offense instructions nor objected when the court denied Estrada's request for them. Therefore, we conclude that it was not plain error for the court to fail to give a lesser-included-offense instruction in Valenzuela's case.

Estrada argues that he was entitled to a lesser-included-offense instruction on the offense of simple assault for two reasons. First, he contends that, based on the evidence adduced at trial, the jury might have concluded that he assaulted Gilbreath but that he did so without a broom or mop handle. Second, he argues that the jury might have concluded that he assaulted Gilbreath with a broom or mop handle, but that such an object was not a dangerous weapon under the circumstances. Because Estrada objected to the district court's failure to include a lesser-included-offense instruction on simple assault in the jury charge, we review its decision not to include such an instruction for abuse of discretion.

10

In order to be entitled to a lesser-included-offense instruction, a defendant must "demonstrate that given the evidence at trial, a rational jury could find him or her guilty of the lesser offense, yet acquit of the greater."  26 MOORE'S FEDERAL PRACTICE, supra, § 630.32[4].  We have explained that "'[w]hile a defendant's request for a lesser-included offense charge should be freely granted, there must be a rational basis for the lesser charge and it cannot serve merely as a device for defendant to invoke the mercy-dispensing prerogative of the jury.'"  Harrison, 55 F.3d at 168 (alteration in original) (quoting United States v. Collins, 690 F.2d 431, 438 (5th Cir. 1982)).  However, "it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."  Keeble v. United States, 412 U.S. 205, 208 (1973); see also United States v. Chase, 838 F.2d 743, 747 (5th Cir. 1988); 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE:  CRIMINAL § 498, at 795 (2d ed. 1982) ("There is no doubt but that a defendant is entitled to an instruction about the lesser offense as a matter of right if the evidence would permit the jury to find him guilty of that offense." (footnotes omitted)).

Although Estrada, like Valenzuela, presented an alibi defense, other evidence adduced at trial would have permitted a rational jury to convict him of simple assault and acquit him of

11

assault with a dangerous weapon.  During cross-examination,
Estrada's attorney impeached Gilbreath by questioning him about
his initial incident report in which he did not mention the use
of a broom or mop handle during the assault by Estrada.  In
addition, he questioned Gilbreath about the government's
inability to produce the broom or mop handle at trial.  Finally,
Estrada testified that he "didn't use any weapons," when asked
whether he "intentionally using a dangerous weapon assault[ed]
officer Travis Gilbreath."[3]

Estrada also disputed whether a broom or mop handle, under
the circumstances of this case, constituted a dangerous weapon
within the meaning of 18 U.S.C. § 113(a)(3).  In United States v.
Bey, we addressed a similar issue.  The defendants in Bey were
charged with assault on a federal officer with a dangerous weapon
pursuant to 18 U.S.C. § 111 (1976).  667 F.2d at 8.  Over the
objections of the defendants, the court instructed the jury on

---

[3]     Estrada also testified that he was not involved in the
altercation at all.  However, the jury was entitled to believe
none, all, or any part of his testimony.  See 2 WRIGHT, supra,
§ 498, at 799 ("In determining whether to instruct on the lesser
offense, the court must take into account the possibility that
the jury might reasonably believe defendant only in part or might
make findings different from the version set forth in anyone's
testimony."); cf. Chase 838 F.2d at 747 ("'[E]ven where the
defendant presents a totally exculpatory defense, the [lesser-
included-offense] instruction should nevertheless be given if the
prosecution's evidence provides a "rational basis" for the jury's
finding the defendant guilty of a lesser offense.'" (quoting
United States v. Payne, 805 F.2d 1062, 1067 (D.C. Cir. 1986))).
Therefore, the jury might have discredited Estrada's testimony
denying any involvement in the altercation, but it might also
have credited his testimony denying the use of a weapon.

12

the lesser-included offense of simple assault, and the jury convicted the defendants of that offense.  Id. at 11.  The defendants appealed, arguing that a mop handle was necessarily a dangerous weapon and therefore no lesser-included-offense instruction was warranted.  Id.  We disagreed, and we affirmed the convictions, reasoning that

> what constitutes a dangerous weapon depends not on the nature of the object itself but on its capacity, given the manner of its use to "' * * * endanger life or inflict great bodily harm.'"  Factors relevant to this determination include the circumstances under which the object is used and the size and condition of the assaulting and assaulted persons.  A dangerous weapon is an object capable of doing serious damage to the victim of the assault; the jury could reasonably have found that the mop handles were not under the circumstances dangerous weapons.

Id. (omission in original); see also United States v. Schoenborn, 4 F.3d 1424, 1433 (7th Cir. 1993) ("Whether or not an object constitutes a dangerous weapon under § 113(c) is a question of fact and necessarily depends on the particular circumstances of each case."); United States v. Hamilton, 626 F.2d 348, 349 (4th Cir. 1980) ("Whether an article should be deemed a weapon depends not only upon the nature of the article but the intent with which it is used or conveyed by the individual.  This is ordinarily a question to be determined by the jury . . . ." (citing United States v. Barnes, 569 F.2d 862, 863 (5th Cir. 1978))).

As Estrada presented evidence sufficient for the jury to find that he assaulted Gilbreath without a broom or mop handle and as any broom or mop handle that he did use may or may not

13

have constituted a dangerous weapon under the circumstances, Estrada was entitled to an instruction on the offense of simple assault.  The district court thus abused its discretion in denying Estrada's request for such an instruction.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment of conviction and sentence as to Hernandez, and we REVERSE the district court's judgment of conviction and sentence as to Estrada.