IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50523
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL ANTHONY GEDMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-195-1-JN
--------------------
January 18, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Michael A. Gedman appeals from a judgment entered after a
jury convicted him of conspiracy to distribute marijuana,
possession with intent to distribute, assault of a federal
officer, and two counts of attempting to escape from custody.
Having reviewed the record, we will affirm.

     Gedman argues that the district court erred in denying a
motion to suppress evidence seized pursuant to a search warrant.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

According to Gedman, an officer's affidavit in support of the warrant (i) did not establish probable cause for the search and (ii) omitted the significant fact that a confidential informant had been unable to make a controlled drug purchase from him within the past few days. Only the first of these two arguments was made to the district court.

When reviewing the denial of a motion to suppress, we look first to whether the good-faith exception to the exclusionary rule applies and, if not, whether probable cause existed for a search warrant. United States v. McCarty, 36 F.3d 1349, 1356 (5th Cir. 1994). The officer's affidavit in this case satisfies the good-faith exception. It indicated that the confidential informant, who had provided credible and reliable information in the past leading to the seizure of controlled substances, had informed a named state police officer that he had purchased marijuana from Gedman at Gedman's apartment. The informant identified a picture of Gedman and stated that he had been dealing with Gedman for four months and had purchased marijuana from Gedman within the past two weeks. The informant indicated that he had seen 40-50 pounds of marijuana, in five-pound bundles, in Gedman's apartment. In addition, the affidavit stated that a surveillance agent had seen a large, heavy duffle bag carried toward the Gedman residence on the day of the search. The affidavit also noted that on that same day, Gedman had fled when he was stopped for a traffic violation. We hold that given these statements, and others in the affidavit, the affidavit was not so devoid of evidence of probable cause "'as to render

official belief in its existence entirely unreasonable.'"  Id.
(citations omitted).

Gedman's argument regarding material omission also fails.
Because Gedman did not raise this argument in the district court,
we review for plain error.  See, e.g., United States v. Fields,
72 F.3d 1200, 1212 (5th Cir. 1996).  Gedman concedes that a
negligent omission in an affidavit is insufficient to invalidate
a warrant.  He argues, instead, that the withheld information was
so "clearly critical" to a finding of probable cause that its
omission is proof that the affidavit was prepared with reckless
disregard for the truth.  Although it is true that "the requisite
intent may be inferred from an affidavit omitting facts that are
'clearly critical' to a finding of probable cause," this is not
such a situation.  United States v. Cronan, 937 F.2d 163, 165
(5th Cir. 1991).  Our review of the affidavit convinces us that
even if it had specifically noted that the informant had been
unable to effect a controlled purchase from Gedman, probable
cause would have existed.  The affidavit indicated that the
informant had been able to purchase marijuana within the latest
two weeks, and there was information in the affidavit suggesting
that unusual activity was currently afoot.  Accordingly, the
district court committed no error, plain or otherwise, in denying
Gedman's motion to suppress.

Gedman argues that the Government constructively amended his
indictment.  A superseding indictment alleged that Gedman had
assaulted an "officer of the United States, to wit a prison
guard" in violation of 18 U.S.C. § 111.  Gedman argues that a

constructive amendment occurred because the proof at trial showed that he had assaulted a prison guard employed by the Bastrop County Sheriff's Department.

A defendant has a Fifth Amendment right to be tried solely on allegations contained in the indictment. Stirone v. United States, 361 U.S. 212, 215-18 (1960). If the evidence presented at trial constructively amends the indictment on which a conviction was based, a reversal is required. United States v. Munoz, 150 F.3d 401, 417 (5th Cir. 1998), cert. denied, 119 S. Ct. 887 (1999). "[N]o constructive amendment arises where the evidence proves facts different from those alleged in the indictment, but does not modify an essential element of the charged offense." Id. (internal quotation and citation omitted). If there is a mere variance in the facts alleged and those actually proved, a reversal is necessary only when the indictment did not notify "the defendant adequately to permit him to prepare his defense and has . . . left him vulnerable to later prosecution because of a failure to define the offense with particularity." Id.

We have "take[n] an expansive view of what a federal agent is for purposes" of § 111. United States v. Hooker, 997 F.2d 67, 74 (5th Cir. 1993). In Hooker, we held that a state narcotics officer was a federal agent when he was assaulted during the course of a federal investigation. Id. Although we have not addressed in a published opinion whether a local jailer may be a federal agent for purposes of § 111, we agree with the Fourth Circuit that a local jailer charged with guarding federal

prisoners comes within § 111's ambit.  See United States v. Murphy, 35 F.3d 143, 147 (4th Cir. 1994).

Gedman argues that even if the prison guard was a federal agent, his indictment did not charge the offense so broadly.  We conclude, however, that--at most--there was a variance between the indictment and the facts proved at trial.  This variance, if any, was not fatal: There is no chance that the indictment left Gedman unable to "adequately . . . prepare his defense" or left him "vulnerable to later prosecution because of a failure to define the offense with particularity," and we do not understand him to be arguing otherwise.  Munoz, 150 F.3d at 417.  Gedman was tried on the same charges that were contained in the indictment.  Accordingly, the district court did not err in denying Gedman's motion for judgment of acquittal.

Gedman argues that there was insufficient evidence to support the jury's conclusion that he used a "dangerous"[1] weapon, one of the elements of § 111(b), during his assault on the prison guard.  The evidence showed that Gedman repeatedly sprayed a fire extinguisher at the guard; he argues that it would be "counterintuitive" to conclude that the spray was dangerous.

We review the sufficiency of the evidence to determine whether any reasonable trier of fact could have found that the evidence established an element beyond a reasonable doubt. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992).

---

[1] In his brief, Gedman repeatedly states that he was charged with using a "deadly" weapon.  The indictment and the relevant jury instruction used the word "dangerous."  Section 111(b) criminalizes use of either a "deadly or dangerous weapon."

In making this determination, we view the evidence in the light most favorable to the Government.  United States v. Shabazz, 993 F.2d 431, 441 (5th Cir. 1993).  All reasonable inferences from the evidence are construed in accordance with the jury's verdict.  Martinez, 975 F.2d at 161.

Whether an object constitutes a dangerous weapon is a question of fact for the jury.  United States v. Estrada-Fernandez, 150 F.3d 491, 497 (5th Cir. 1998).  To qualify, an object must be "capable of doing serious damage to the victim of the assault."  Id. (citation omitted).  We conclude that a reasonable jury could find that Gedman's use of the fire extinguisher constituted use of a dangerous weapon.  As the guard testified, both her breathing and her vision were endangered by Gedman's actions.  A reasonable jury could find that the spray and fumes from the extinguisher were capable of "doing serious damage" to the guard.  Id.  The district court did not err in denying Gedman's motion for judgment of acquittal on this basis.

Gedman argues that the district court erred when sentencing him by imposing a four-level increase pursuant to U.S.S.G. § 2A2.2(b)(2)(B) for use of a dangerous weapon.  We review the sentencing court's findings of fact for clear error.  United States v. Fitzhugh, 984 F.2d 143, 146 (5th Cir. 1993).  Under the guidelines, a dangerous weapon is "an instrument capable of inflicting death or serious bodily injury."  § 1B1.1, comment. (n.1(d)).  For the reasons just given, we perceive no error in the district court's determination that the fire extinguisher constituted a dangerous weapon.

Gedman cites a line of Second Circuit cases, which hold that it may be "double counting" for a sentencing court to impose an enhancement under § 2A2.2(b) for use of a nondangerous object during an assault. According to those cases, when the object is not inherently dangerous, the court must hear proof that the object was used in some dangerous manner before utilizing the enhancement. See United States v. Hudson, 972 F.2d 504, 507 (2d Cir. 1992). In United States v. Morris, 131 F.3d 1136, 1139 n.3 (5th Cir. 1997), cert denied, 118 S. Ct. 1546 (1998), we held that it was unnecessary to pass on the Second Circuit's analysis when the defendant had used an ordinary object in a dangerous manner. Morris controls here; as Gedman used the fire extinguisher in a dangerous manner, it became a dangerous weapon for purposes of the sentencing guidelines. No forbidden double counting occurs merely because the sentencing court applies § 2A2.2. Id. at 1139-40.

AFFIRMED.