IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60114
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUDLEY COTTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:00-CR-26-ALL-BN
--------------------
July 13, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dudley Cotton has appealed his conviction for sexual abuse
of a minor in Indian Country, a violation of 18 U.S.C. § 2243(a).
Cotton contends that the jury should have been instructed that it
could convict him for the lesser offense of abusive sexual
contact under 18 U.S.C. § 2244(a).  This issue is without merit.
Although the jury could have convicted Cotton for violating 18
U.S.C. § 2244(a) under the evidence presented at trial, it could
not also have acquitted Cotton of violating 18 U.S.C. § 2243(a)
under that evidence.  The district court did not abuse its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in refusing to give the requested instruction.  <u>See</u> <u>United States v. Estrada-Fernandez</u>, 150 F.3d 491, 494 (5th Cir. 1998).

Cotton contends that the prosecutor commented improperly in closing argument on Cotton's failure to testify.  This issue is without merit.  The prosecutor argued in closing that Cotton had not presented any evidence to rebut the victim's testimony that stains on her shirt were her blood.  The prosecutor's comment went to the failure of the defense to counter the victim's testimony and was not manifestly intended to remind the jury that Cotton had not testified.  <u>See</u> <u>United States v. Montoya-Ortiz</u>, 7 F.3d 1171, 1178 (5th Cir. 1993); <u>United States v. Wade</u>, 931 F.2d 300, 305 (5th Cir. 1991).

The judgment is AFFIRMED.