**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 14, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30203
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID GARCIA-BELTRAN,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CR-10010-1
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    David Garcia-Beltran appeals his sentences and his jury

convictions under 18 U.S.C. § 113(a)(3) for assault with a

dangerous weapon and 18 U.S.C. § 1791(a)(2) for possession of

prison contraband.  Garcia-Beltran asserts that the evidence did

not establish that he possessed a weapon and inflicted puncture

wounds to an inmate.  Garcia explains that he engaged in a

"frontal fist fight assault" and could not have caused the

inmate's stab wounds.  Garcia argues that the weapon was found on

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the prison yard and could have been thrown there by any one of the many inmates who witnessed the fight. Garcia also asserts that any inmate in the yard could have caused the stab wounds.

We view "the evidence and the inferences that may be drawn from it in the light most favorable to the verdict," and we determine whether "a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." United States v. Pruneda-Gonzalez, 953 F.2d 190, 193 (5th Cir. 1992). We will not substitute our credibility determination for that of the jury. United States v. Williams, 132 F.3d 1055, 1059 (5th Cir. 1998).

Section 1791(a)(2), 18 U.S.C., proscribes a prison inmate from making, possessing, obtaining, or attempting to obtain a "prohibited object." A "prohibited object" includes a weapon or an object that is designed or intended to be used as a weapon. See 18 U.S.C. § 1791(d)(1)(B). Trial testimony established that Garcia-Beltran possessed a "shank," which is a weapon and a prohibited object as that term is defined in 18 U.S.C. § 1791. The evidence supports the jury's finding that Garcia-Beltran was guilty of violating 18 U.S.C. § 1791(a)(2). See Williams, 132 F.3d at 1059; Estrada-Fernandez, 150 F.3d at 494.

A violation of 18 U.S.C. § 113(a)(3) requires proof that the defendant assaulted the victim with a dangerous weapon and with the intent to do bodily harm; an 18 U.S.C. § 113(a)(3) violation does not require proof of any physical contact. United States v.

Estrada-Fernandez, 150 F.3d 491, 494-95 (5th Cir. 1998).  The trial testimony establishes that Garcia-Beltran committed the essential elements of an 18 U.S.C. § 113(a)(3) violation.  See Williams, 132 F.3d at 1059; Estrada-Fernandez, 150 F.3d at 494.

Garcia asserts that the district court sentenced him in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), by imposing a sentence based on facts that were neither admitted nor found by a jury beyond a reasonable doubt.  Garcia's argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 466 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263).  See United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir. 2002).  Accordingly, Garcia's convictions and sentences are AFFIRMED.

We REMAND to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Garcia was convicted in Count Two of a violation of 18 U.S.C. § 1791(a)(2).

AFFIRMED and REMANDED with instruction.