United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-30203

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID GARCIA-BELTRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
m 1:03-CR-10010-1

_____

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

PER CURIAM:[*]

This court affirmed David Garcia-Beltran's conviction and sentence. *United States v. Garcia-Beltran*, 111 Fed. Appx. 279 (5th Cir. 2004) (per curiam).[1] The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Garcia-Beltran v. United States*, 125 S. Ct. 1346 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.[2]

Garcia-Beltran did not raise any sentencing issues in his opening brief, but his counsel submitted a letter to this court promptly after the Supreme Court had decided *Blakely v. Washington*, 542 U.S. 296 (2004). Garcia-Beltran claimed there was plain error in his sentencing under the logic of *Blakely*, because his sentence (to which he did not object in the district court) was enhanced by four levels under U.S.S.G. § 2A2.2(b)(3)(B) by a finding not made by the jury, *to-wit*, that the victim had received serious bodily injury. Garcia-Beltran was sentenced to 96 months' imprisonment, but without the enhancement his guideline range would have been 70-87 months.

We agree with the government that the plain error standard of review applies because Garcia-Beltran did not preserve a Sixth Amendment error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

Assuming there is plain error under *Booker*, the third prong of the plain-error test requires, under *Mares*, that "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Garcia-Beltran would have to "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor*, 409 F.3d 675, 677 (5th Cir. 2005) (per curiam) (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Mares*, 402 F.3d at 521.

In his supplemental letter brief on remand,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In addition to affirming the conviction and sentence, we remanded for a technical correction in the judgment.

[2] Garcia-Beltran was represented by counsel until the opinion was issued, whereupon counsel obtained leave of this court to withdraw as counsel. Garcia-Beltran filed his certiorari petition *pro se* and continues to represent himself at this time.

Garcia-Beltran has made no effort to satisfy this burden. Thus, he has not shown that the error affected his substantial rights. As was true for the defendant in *Mares*, because Garcia-Beltran has not demonstrated that the record establishes "what the trial judge would have done had the Guidelines been advisory," *Mares*, 402 F.3d at 522, he has not "carr[ied] his burden of demonstrating that the result would have likely been different had the judge been sentencing under the *Booker* advisory regime rather than the pre-*Booker* mandatory regime." *Id.* Garcia-Beltran has not shown that "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." *United States v. Infante*, 404 F.3d 376, 395 (5th Cir. 2005).

The judgment of conviction is AFFIRMED for the reasons stated in our initial opinion. For the reasons set forth in this opinion on remand, the judgment of sentence is also AFFIRMED.

3