# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2007

Charles R. Fulbruge III
Clerk

No. 06-51312
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROSDOLM T PIERRE-LOUIS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-52-ALL

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judge.

PER CURIAM:[*]

Rosdolm T. Pierre-Louis (Pierre) appeals his jury trial conviction and 72-month sentence for one count of assault with a dangerous weapon within the maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7(3) and 113(a)(3).

Pierre argues that the district court erred in failing to charge the jury with the lesser-included offense of simple battery. With respect to the sentence imposed, Pierre contends that the district further erred by enhancing his base

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level by four levels for using a dangerous weapon, and by two levels for obstructing justice. Pierre additionally argues that the district court failed to adequately explain its reasons for imposing a one-month upward adjustment to the 57 to 71 months sentencing range calculated under the Sentencing Guidelines.

The charge against Pierre stemmed from a domestic dispute turned violent that occurred in the residence of Pierre's ex-wife that was located on a military base in Fort Hood, Texas. The ex-wife, Lora Madison, and three of her daughters, testified that Pierre used a metal object such as a hammer or screwdriver to strike both Madison and the eldest daughter, Patricia Robinson, during the fracas that ensued.

Pierre was the father of two of Madison's daughters, including Patricia, who along with a younger brother and her two sisters attempted to break up the fight between their parents. Pierre admitted at trial that he did in fact act on reflex and turn and strike Patricia after he felt a stabbing sensation in the back of his head. However, he denied knowing it was Patricia until after he struck her, and also denied using a weapon of any kind on Patricia or Madison during the altercation.

Although a weapon was not found during a subsequent search of Pierre's residence, there was testimony that Pierre made untrue statements, including his denial to an FBI Special Agent that he was even in Foot Hood on the day of the altercation. The jury acquitted Pierre of a charge of assaulting his ex-wife with intent to commit murder, but convicted him of assaulting his daughter, Patricia, with a dangerous weapon.

Pierre's argument that he was entitled to have the jury charged with the lesser-included offense of simple battery is without merit. This court has held that "a district court may give a lesser-included offense instruction, if, but only if, (1) the elements of the offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a jury to rationally find the

defendant guilty of the lesser offense and acquit him of the greater offense." United States v. Estrada-Fernandez, 150 F.3d 491, 494 (5th Cir. 1998). Although this court also held in Estrada that the offense of simple assault set forth in 18 U.S.C. § 113(a)(5) is a lesser-included offense of assault with a dangerous weapon, which is set forth in § 113(a)(3), the record does not show any evidence that a simple assault on Patricia Robinson actually occurred. Pierre therefore has failed to satisfy the second prong of Estrada.

As for Pierre's second argument, U.S.S.G. § 1B1.1, which defines a "dangerous weapon" for sentencing purposes, only requires that a defendant have used an object that closely resembles an instrument capable of inflicting death or serious bodily injury. In light of the record as a whole, Pierre has not shown that the district court erred by enhancing his base offense level by four levels pursuant to U.S.S.G. § 2A2.2(b)(2)(B) for using a dangerous weapon. See United States v. Olano, 507 U.S. 725, 734 (1993).

Pierre's third argument on appeal is that the district court erred by failing to adequately detail its reasons for applying § 3C1.1 of the Sentencing Guidelines to enhance his base offense level by two levels on the grounds that he obstructed justice by committing perjury. The record, however, shows that the district court did in fact set forth reasons for this two level enhancement, including its observations of Pierre's trial testimony and a statement that it adopted Pierre's presentence report, which in turn set forth detailed reasons for the application of this enhancement. This court has held that a separate and clear finding on each element of alleged perjury, while preferable, is not required. United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995). Nor does U.S.S.G. § 3C1.1 require a district court to establish each specific and individual element of perjury. In light of the record taken as a whole, Pierre's third argument is without merit.

In his final argument, Pierre contends the district court gave no explanation for its one-month upward departure from the 57 to 71 month

advisory sentencing range calculated under the Guidelines. Since Pierre failed to raise this objection in the district court, the alleged error is reviewed for plain error. Olano, 507 U.S. at 734. Pierre must therefore show that (1) there was an error, (2) the error was clear or obvious, and (3) the error affected his substantial rights and resulted in a manifest miscarriage of justice. Id.

This court reviews a departure from the Guidelines for an abuse of discretion. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). In its statement of reasons, the district court stated that it departed upward from the advisory guidelines range pursuant to U.S.S.G. § 4A1.3(a)(2)(C) based on the defendant's failure to comply with an administrative order (violation of protective order) on several occasions. Thus, the district court did in fact clearly state its reasons for the one-month upward departure, reasons that are, moreover, detailed at length in the PSR, which the district court adopted without change. Pierre's fourth argument is also without merit.

The judgment of the district court is AFFIRMED.