# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2010

No. 08-20459
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOPE IKECHUKWU ANELE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-187-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hope Ikechukwu Anele appeals his jury convictions for possession with intent to distribute five kilograms or more of cocaine and for conspiring to do so. Anele was arrested at Houston's Intercontinental Airport with more than seven kilograms of cocaine in his luggage.

Anele contends that the evidence was insufficient to prove that he knowingly possessed the cocaine and that he agreed with anyone to possess it. To affirm, we need only to conclude that "a rational trier of fact could have found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the government proved the essential elements of the offense beyond a reasonable doubt" when the evidence, all reasonable inferences that can be drawn from the evidence, and all credibility determinations are viewed in the light most favorable to the jury's verdict. *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

To prove possession with intent to distribute, the government was required to show that Anele knowingly possessed the cocaine with the intent to distribute it. *Moreno*, 185 F.3d at 471. To prove Anele's knowledge, the government adduced evidence from which the jury could conclude that Anele claimed the luggage as his own and took responsibility for its contents. Although he was informed that he was under arrest for possession of cocaine, Anele showed no shock or surprise. These factors support an inference of knowledge. *See id.* In addition, evidence showing that the cocaine had a potential value of $300,000 supported an inference of Anele's knowledge as well as an inference of an intent to distribute the cocaine. *See United States v. Garcia*, 567 F.3d 721, 732 (5th Cir.) (noting that value and quantity support an inference of an intent to distribute), *cert. denied* 130 S. Ct. 303 (2009); *United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003) (noting that value and quantity support an inference that drugs were not entrusted to an unknowing courier).

The government also adduced extensive circumstantial evidence, including travel itineraries and financial information, to support its contention that Anele and his wife earned money by carrying cocaine from Houston to London while on their way to Nigeria. Although Anele attempted to chip away piecemeal at the government's case, for example by arguing that there were innocent explanations for his travels, the jury was free to find the government's evidence credible. *See Moreno*, 185 F.3d at 471.

To prove a conspiracy, the government was required to show Anele's agreement to engage in criminal activity with another person. *See United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003). A government agent testified on

2

cross-examination that, based on his experience, he believed that a Nigerian named Peter Igwe purchased the cocaine that was found in Anele's luggage. The theory of the defense was that Igwe put the cocaine in Anele's luggage without Anele's knowledge. The defense conceded that Igwe was a drug-trafficking conspirator but argued that Anele was not. The jury was entitled to accept the government's evidence that Igwe was a drug smuggler who gave Anele the cocaine and was free to reject the defense's position that Igwe acted without Anele's knowledge or agreement. *See United States v. Estrada-Fernandez*, 150 F.3d 491, 496 n.3 (5th Cir. 1998) (noting that a jury may believe all, part, or none of the defendant's version of events). There was also ample circumstantial evidence from which a jury could conclude that Anele conspired with his wife to traffic in cocaine in accordance with the government's theory of the case.

Anele contends that the government was obligated to prove that he knew the drug type and quantity he possessed. This contention is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).

Anele asserts that the government made an improper reference to his election not to testify, when, in closing argument, the government noted defense counsel's concession that Anele had been untruthful in several respects during the years preceding to his arrest. The government then said that Anele's lies were important, "[b]ecause any time a witness testifies, that witness ..." at which point defense counsel objected on grounds that the remark drew attention to Anele's election not to testify. The court overruled the objection promptly and without comment. The prosecutor went on to say, "A witness's credibility is always important. And Mr. Anele lied to get a job. And you have to question what his witnesses would do in order to prevent him from going to jail." The prosecutor then impugned the credibility of Anele's wife and the defense's hired expert witnesses.

The government was attempting to project Anele's established lack of credibility onto defense witnesses and the defense in general. This was

consistent with the government's theme, revealed throughout the trial record, that Anele and his wife were not credible in general and that the jury should therefore reject the defense's offer of innocent reasons for Anele's behavior, which evidence came largely through Anele's wife.  The record thus shows a plausible and proper explanation for the remark that did not concern Anele's decision to remain silent at trial. *See United States v. Grosz*, 76 F.3d 1318, 1326 (1996).  Accordingly, the remark did not manifest the government's intent to comment adversely on Anele's decision not to testify. *Id.*  Further, "the character of the remark was [not] such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *Id.* (internal quotation marks and citation omitted).

The jury's conviction of Anele and the district court's judgment based thereon are, in all respects,

AFFIRMED.