# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

Charles R. Fulbruge III
Clerk

No. 09-50206
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR GERARDO MARTINEZ-SAAVEDRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-410-1

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Cesar Gerardo Martinez-Saavedra (Martinez) appeals his convictions of conspiracy to possess with intent to distribute, conspiracy to import, possession with intent to distribute, and importation of more than five kilograms of cocaine. Martinez was arrested and charged after his minivan was found, at the Del Rio, Texas port of entry, to contain more than 12 kilograms of cocaine concealed under the dashboard.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez contends that the court abused its discretion by refusing to admit an out-of-court statement by a federal agent indicating that the agent believed Martinez's story that he was transporting the cocaine under duress applied by a person named Fausto who said he would have Martinez's family killed if Martinez did not cooperate. We review the district court's ruling for abuse of discretion. *United States v. Ragsdale*, 426 F.3d 765, 774 (5th Cir. 2005).

Martinez admitted that the agent was available to be called as a defense witness but was not called by either party. There is nothing to indicate that the agent's belief was based on anything other than his having heard Martinez so state when questioned by other agents at the Del Rio port of entry after the cocaine was found. Martinez argues that the agent's statement was not hearsay because it was an admission by a party under FED. R. EVID. 801(d)(2)(D). We have previously declined to apply Rule 801(d)(2)(D) to a statement made by a government agent because the statements of individual agents do not bind the sovereign except in rare circumstances. *See United States v. Garza*, 448 F.3d 294, 298-99 & nn.14-16 (5th Cir. 2006). The district court did not abuse its discretion by refusing to admit the agent's out-of-court statement. *See Ragsdale*, 426 F.3d at 774.

Further, any error in excluding the statement would be harmless. Even if Martinez could overcome the hearsay hurdles, the testimony would still be inadmissible on other grounds. *See Viazis v. Am. Ass'n of Orthodontists*, 314 F.3d 758, 767 (5th Cir. 2002). Here, the agent's beliefs are inadmissible opinion testimony. Lay opinions must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." FED. R. EVID. 701(b). The agent's belief was unlikely to aid the jury in making credibility determinations. In fact, Martinez took the stand. The jury was able to make its own credibility determination. The advisory committee notes to Rule 701 state, "[i]f . . . attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called

for by the rule." *Id.* advisory committee's note.  Further, Martinez failed to proffer evidence that the agent's opinion was rationally based on the perception of the witness.  FED. R. EVID. 701(a).  For example, in *United States v. Dotson*, the question of 701's rational basis requirement arose in the context of a lay opinion given under Rule 608(a).  799 F.2d 189 (5th Cir. 1986).  In that context, we said that conducting an investigation of the defendant, knowing the defendant, or having minimal contact with the defendant's witnesses is not sufficient to opine that the defendant's witnesses were liars.  *Id.* at 193–94.  Likewise, the defendant may not offer opinion testimony of his veracity from a source that lacks a sufficient factual basis.

Martinez next contends that the evidence was insufficient to show that he knew there was cocaine in his minivan.  We review the sufficiency of evidence narrowly.  *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999).  We will affirm the conviction if, after viewing the evidence, the reasonable inferences therefrom, and all credibility determinations in favor of the verdict, we conclude that a rational jury could have found that the Government proved the necessary elements of the crime.  *Id.*; *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence supported the finding of Martinez's guilty knowledge.  Martinez claimed ownership of the minivan, and a latched opening allowed for easy and repeated access to the hidden compartment.  *Cf. Moreno*, 185 F.3d at 472 & n.3; *United States v. Ortega-Reyna*, 148 F.3d 540, 542-44 (5th Cir. 1998).  Martinez became nervous when investigators examined the dashboard.  The jury was also entitled to infer Martinez's knowledge because the evidence showed that the cocaine was worth between $840,000 and $1.3 million, and such a valuable quantity of cocaine would not be entrusted to an unknowing stranger.  *See United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003) (approving inference of knowledge based on high value of drugs).  In addition, Martinez gave inconsistent or implausible statements to federal agents about the purpose of his trip; the role and knowledge of his passenger, Jacobo Alba-Barba; and his

(Martinez's) asserted belief that he was carrying only money for exchange. A federal agent also testified that Martinez admitted carrying "something bad" and that Martinez said he thought he was going to get paid for the border crossing. Further, the jury was free both to infer that Martinez knew Fausto had placed drugs in the minivan and to reject his story that he acted under duress. *See United States v. Estrada-Fernandez*, 150 F.3d 491, 496 n.3 (5th Cir. 1998) (noting that a jury may reject all or part of a defendant's account of the crime).

Finally, Martinez argues (as his sole remaining contention on appeal) that the Government failed to disprove his assertion that he was acting under duress. The burden was on Martinez to prove duress; the Government had no burden to disprove it. *See Dixon v. United States*, 548 U.S. 1, 13-17 (2006). The jury was free to discount Martinez's version of the events and to reject his testimony that he transported the cocaine only because his family had been threatened. *See Moreno*, 185 F.3d at 471. In addition, the Government presented evidence that Martinez felt he would be safe in Mexico and that he and his family had traveled freely to the United States after being threatened.

Martinez shows no reversible error. The district court's judgment is AFFIRMED.