# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

Lyle W. Cayce
Clerk

No. 12-60083
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HELEN PAGE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CR-65-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Helen Page appeals her conviction by a jury for using the forged signature of a federal bankruptcy judge to authenticate a bogus court order in violation of 18 U.S.C. § 505. She contends that the evidence was insufficient to prove that she concurred in the forgery or knew about it or its transmittal.

Because Page moved for acquittal under Federal Rule of Criminal Procedure 29, we will affirm the conviction if after viewing the evidence, the reasonable inferences therefrom, and all credibility determinations in favor of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the verdict, we conclude that a rational jury could have found that the Government proved the necessary elements of the crime. *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999). "[T]he jury is free to choose among reasonable constructions of the evidence" and to reject all, some, or none of the defense's testimony. *Id.*; *see United States v. Estrada-Fernandez*, 150 F.3d 491, 496 n.3 (5th Cir. 1998). We will not reweigh the evidence or the credibility of witnesses. *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993).

The Government adduced testimony from Shelia Cooper, director of nursing at the Care Clinic of Clinton (CCC), who testified that Page was seeking employment with the CCC and that Cooper wanted to hire Page but could not because Page's nursing license had been restricted by the Mississippi Board of Nursing (MBN). Cooper testified that Page told her the restrictions had been rescinded by a judge and that she would fax Cooper the verification. Shortly thereafter, Cooper received by fax what was purported to be a federal district court order showing the dismissal of an action between Page and the MBN concerning restrictions on Page's nursing license. The order was supposedly signed by "Judge Edward Ellington" and by Page's attorney, "Angela Gray." The fax cover sheet said that Page had sent it. It is not disputed that the order was bogus and that the signature of Judge Ellington, a United States Bankruptcy Court Judge, was forged.

The foregoing evidence, when viewed in the light most favorable to the verdict, provides ample grounds for a finding of guilty knowledge because it indicates that Page had a reason to create and send the bogus order and that she expressed an intent to do so. The jury was not required to believe Page's denial or her speculation that someone else created and sent the bogus order. *See Estrada-Fernandez*, 150 F.3d at 496 n.3.

In addition, the Government presented evidence that the case number on the bogus order was the same case number as Page's prior, unrelated bankruptcy case over which the judge had presided. This information was thus

convenient and familiar to Page, though she argued that it was available to others as well. The Government also adduced evidence showing that there was no record of a lawyer named Angela Gray, who was named as Page's lawyer on the bogus order, but that Page knew a lawyer named Angela Gray Marshall, to whom Page had leased office space. This provides another link between Page and the bogus order.

Page points to alleged shortcomings in the Government's investigation and to the lack of certain forensic evidence. That the Government might have made a stronger case is irrelevant as long as "a rational trier of fact could have found that the government proved the essential elements of the offense beyond a reasonable doubt." *Moreno*, 185 F.3d at 471. Page asks this court to accept her testimony as true and to view the evidence in a light favorable to her. This is precisely contrary to the correct standard of review. *See id.* The judgment of the district court is AFFIRMED.