# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES H. BRANCH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-199-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles H. Branch, following a bench trial before a magistrate judge, was convicted, under 18 U.S.C. § 113(a)(4), of assaulting James Haushalter on Lackland Air Force Base. The magistrate judge sentenced Branch to two years of supervised probation. Branch appealed the conviction and sentence to the district court. The district court affirmed the judgment of the magistrate judge. On appeal, Branch argues that the evidence presented at trial was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to support his conviction.  In cases tried before a magistrate judge and affirmed on appeal by the district court, this court "will affirm the magistrate's findings if they are supported by substantial evidence."  *United States v. Lee*, 217 F.3d 284, 288 (5th Cir. 2000).

"In order to convict a defendant of the crime of assault by striking, beating, or wounding pursuant to 18 U.S.C. § 113(a)(4), the government must prove that the defendant made physical contact with the victim."  *United States v. Estrada-Fernandez*, 150 F.3d 491, 494 (5th Cir. 1998).  Branch did not assert in the district court and does not now assert that the evidence was insufficient to show that he struck Haushalter.  Branch argues that his conduct was justified under the doctrines of self-defense and necessity.  Self-defense and necessity are forms of the affirmative defense of justification.  *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998).  The defendant bears the burden of production in asserting affirmative defenses.  *United States v. Branch*, 91 F.3d 699, 714 n.1 (5th Cir. 1996).  If the defendant meets his burden of production, the Government must negate the defense beyond a reasonable doubt.  *Id.*

Branch's affirmative defense arguments were rejected because Branch acted as the aggressor in the confrontation, Haushalter did not escalate the encounter nor did he introduce deadly force, and Branch did not withdraw from the confrontation at any point.  Branch has not shown that these findings were not supported by substantial evidence.  The evidence is sufficient to support his conviction.  The judgment of the district court is AFFIRMED.